UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

James G. Heyward, Pro se,
        Plaintiff,

against

Conte, Collins, John Doe 1,
John Doe 2, and John Doe 3,
sued in their individual
capacities,
        Defendants.

05  10325 RCL

Complaint
Jury Trial Demanded

Preliminary Statement

   This is a civil rights action filed by James G. heyward, an state inmate, (who was an Pretrial Detainee, at the time of the incident), for compensatory, punitive damages under 42 U.S.C.§ 1983, action against prison officials deliberate indifference alleging wrwongful placement in administrative segregation, denial of due process in disciplnary procedures and denial of notice of review hearing with an opportunity to respond to the disciplinary charges were in violation of the Due Process Clause of the Fourteenth Amendment, Fifth Amendment and Eight Amendment to the United States Constitution. And that the defendants conspired to further punish and violate plaintiff's right to be free of retaliation by transferring plaintiff to an Super Maximum Security facility, Souza- Baranoswki Correctional Center(S.B.C.C.), which is inhabited by violent inmates.

Jurisdiction

   1. The court has jurisdiction over the plaintiffs' claim of violation of Federal Constitutional Rights under 42 U.S.C.§ 1331 (a) and 1343.

Parties

   2. The plainiff James G. Heyward was incarcerated at MCI-Concord approximately 07/25/00-01/29/02, then at Super Maximum Security facility Souza-BAranoswki Correctional Center (S.B.C.C.) as a

(1)

Pretrial Detainee, 52A, during the events described in this complaint. Plaintiff is presently being housed at MCI-Norfolk after an guilty plea.

3. The defendant Conte was at the time of incident the Superintendent at MCI-Conord. He is sued in his individual capacities.

4. The dendant Collins was at the time of incident an correctional lieutenant in charge of the Inner Premier Security(IPS) at MCI-Concord. He is sued in his individual capacities.

5. The defendant John Doe 1 was at the time of incident an correctional sergant of the Inner Security(IPS) at MCI-Concord. He is sued in his individual capacities.

6. The defendant John Doe 2 was at the time of incident an correctional officer responsible for conducting disciplinary hearing for prisoners accused of breaking prison rules. at MCI-Concord. He is sued in his individual capacities.

7. The defendant John Doe 3 was at the time of incident the Director of Security of MCI-Concord. He is sued in his individual capacities.

8. All the defendants have acted and continue to act under color of state law at all times relevant to this complaint.

Facts

9. On January 23,2002, while at MCI-Concord, that morning plaintiff was told by the Block CO. Mike Horton, that plaintiff had court.

10. After going to breakfast, plaintiff went and picked up his canteen items, then returned back to his housing block(J3-Block), to place his canteen bag in his cell.

11. On returning to J3, Housing Officer CO. Horton, stared down the plaintiff, following plaintiff with his(Horton) eyes, to his cell wathcing plaintiff's every move.

12. On plaintiff exiting his cell, Housing Officer CO. Horton, continued to stare down plaintiff as plaintiff walked out of J3-Block after plaintiff asked for his bed card.

(2)

13. As plaintiff walked out(after recieving bed card), plaint- spoke to the other Correctional Officer, and asked, "What's wrong with him?"(reffering to CO. Horton). The CO. states, "He's mad that you got your canteen.""Because if anything happens, he's going to have to inventory all your stuff." Plaintiff states, "What you mean if something should happen?""He knows we pick up our canteen before we go to court".

14. Plaintiff then proceeds to the holding area. Then is placed in the holding cell. Transportation transports plaintiff to the Suffolk Supierior Court.

15. On plaintiff's return from court, approximately 8:30 p.m.- 9:00 p.m., during the strip search, plaintiff is left alone in cell. The other CO. that had been working the block comes walking towards plaintiff.

16. This CO. then states," I have some bad news for you, Hey- ward. Plainitiff staes," Stop playing around, I'm tired and I didn't see anyone at court today."

17. The CO. states, "Your going to Dept. 9." Plaintiff states, "Stop playing." CO. staes, "For real, while you were gone CO. Horton, shook your cell down and found an shank. Your cellie (Dameqqah Sha- heed) is already there.

18. Plaintiff was escorted to Dept. 9, by one correctional off- icer, during bringing plaintiff, this correctional officer states, "You shouldn't be in here. Your cellie(Dameqqah Shaheed) admitted that the shanks were his and that you didn't know he had it" Hope- fully they let you go tomorrow.

19. The plaintiff was removed from general population at MCI- Concord and placed in Dept. 9.

20. On the next day Jan. 24, 2002, plaintiff is brought to Suffolk Superior Court, pertaining to his pending case. On plaint- iffs return to MCI-Concord, he placed back in Dept. 9.

21. On Jan. 25, 2002, Defendants Conte and John Doe 3, are making their rounds in the Dept. 9. Plaintiff repeatly asks each one, "Why am I in here?" To which both state, " You know why." Plaitiff states, "I don't know what's happening, no one has spoken

to me". Both leave without further assistance.

22. Jan. 26, 2002, plaintiff still has not been seen by the defendant John Doe 2 or been given an D-ticket.

23. Plaintiff's cellie Dameqqah Shaheed is in the hole also. He informs the plaintiff(by yelling up to the plaintiff's window from the outside yard), that he has just seen the defendant John Doe 2, who is on his way to speak to plaintiff, and that he suppose to have ripped up plaintiff's D-ticket.

24. Dameqqah Shaheed states, "He had admitted that the shanks were his, and that the plaintiff had no knowledgement of his doings, and that he had recieved his sanctions.

25. Dameqqah Shaheed also states, "That the defendant John Doe 2, had just came now, outside to speak to him. Plaintiff states "I still haven't seen the defendant John Doe 2, so this matter could be straightened out".

26. When the plaintiff had gone to his cell door to look, the defendant John Doe 2, had walked out of the Dept. 9.

27. Then the defendant IPS Sgt. John Doe 1, came to plaintiff's cell door, and had plaintiff cuffed up, brought downstairs, to be interviewed by defendant IPS Lt. Collins, and the defendant Sgt. John Doe 2. Were then plaintiff was questioned by both defendants.

28. Plaintiff told defendants, "I knew nothing about any con-traband"., defendants then stated, "We believe you told your cellie to say it's his". Plaintiff stated, "What?" Defendants then reply, we believe that the bigger guy made the little guy say it's his.

29. Plaintiff tells both defendants, "Your crazy, I wasn't even here, I was in court, nor did I know of any so-called shanks." "Your mad because he admitted to that shank being his from the onset, I know nothing".

30. Plaintiff was asked by defendant IPS Lt. Collins, "If Dameqqah Shaheed has any enemines or problems?" Plaintiff states,"I don't talk to him like that nor do I be watching him!""You need to be asking him those questions, I have enough problems fighting my

(4)

own cases now. Defendant IPS. Lt. Collins states," O.K. you can go.

31. On Jan. 28, 2002, Plaintiff went to court again, on his return was placed back into Dept. 9.

32. On Jan. 29, 2002, morning plaintiff spoke to an CO.(that was working in the Dept. 9) and asked, "Why am I still here in the hole, I haven't recieved an d-ticket nor have I spoken to the defendant John Doe 2." CO. states, "I don't know, but hold one minute , when I go downstairs I'll check and ask.

33. CO. comes back upstairs and tells the plaintiff that he is being transferred to the Super Maximum Souza- Baranoswki Correctional Center(S.B.C.C.)., so pack it up

34. Transportation came to pick up plaintiff with several others. Plaintiff was taken to the property to sort thru his property, (plaintiffs belongings and cellie Dameqqah Shaheed belongings were mixed together).

35. Plaintiff had just gone to canteen on Jan. 23, 2002, was not allowed to keep any of this canteen, nor any of his prior items that had been brought. Because one is not allowed to bring canteen items with them. Which is no fault of plaintiffs, for him to lose his canteen.

36. Once arriving at S.B.CC., when CO. was handing out new colored outfits, plaintiff and Dameqqah Shaheed were the only ones handed red outfits(meaning they were heading to the SMU). Other 3 inmates were handed tan outfits for the Orientation Unit.

37. Plaintiff immediately stated, "What am I going to the hole for. I don't even have an ticket, I shouldn't even be here." CO. states," For whatever you did at where you came from!' I was finally placed in an SMU cell.

38. Fro 01/29/02-02/01/02, each day plaintiff stated that he was not suppose to be in the hole nor here on the camp. No one listrened, better yet cared, what the plaintiff was saying. As they made their rounds. Everyone stated, "You had to have done something or you wouldn't be here".

39. Plaintiff spoke to an guy that was walking around in civil clothes, and told him of plaintiffs' problem.

40. Plaintiff stated, he didn't have an D-ticket nor that he should be here at S.B.C.C. or in the hole.

41. The guy states," You say this everyday, I'm tired of you stopping me. The next day, he comes back saying he has called Concord. You don't have any ticket, I'll put you on the bail list. Plaintiff states,"Bail list I ain't suppose to be in the hole. So why I have to wait?" He walks off. Plaintiff also states, "Nor should I be here."

42. On 01/31/02, Plaintiff speaks to an Lt. for the 3rd time, Lt. states,"He's getting tired of me. You know the IPS Lt. Collins at Concord, I'm going to call him, to see if you're right about not having a ticket. If he says you have an ticket I don't want to hear another word. Plaintiff states,"G ahead."

43. on 02/01/02, the Lt. comes down to make his rounds, looks into my cell window, then walks pass. PLaintiff gets up off the bunk, runs to the celldoor, bangs on the door to get the Lts' attention. Lt. walks back to plaintiff. Lt. states,"What?" Plaintiff asks, "Did you make that call?" Lt. states, "Yes, and you are right, you do not have any tickets. I'M going to put you on the bail list.

44. Plaintiff then looks up and says to himself, here we go again. Plaintiff asks Lt., If I don't have any tickets, "Then whyam I here then?"

45. Lt. states, Lt. Collins doesn't want you at MCI-Concord, period. But you don't have any tickets."

46. On 02/01/02, after plaintiffs' continually nagging the CO.s, plaintiff is brought to the Orientation Unit.

47. On 02/28/02, plaintiff was moved to the P2 unit, which is an aggressive housing unit.

48. Plaintiff had recieved an Notice Pursuant to 103 CMR 423 Special Management, dated 01/29/02, marked with an X- stating, "Is placed in administrative Segregation following a disciplinary hearing.

(6)

49. Plaintiff speaks with the Superintendent Ficco of Souza-Baranoswki Correctional Center, pertaining to plaintiff's placement, and the fact that he didn't have an ticket or should be at S.B.C.C.

50. Superintendent Ficco stated that he would look into the matter. But when plaintiff spoke again to superintendent, he was told, "I do not know why you were sent here."

51. So the plaintiff filed an grievance, pertaining to the above-mention captions on 04/03/02, which was denied. Plaintiff then filed an appeal of that denial on 04/17/02, which was also denied. With the reason being that plaintiff was sent to S.B.C.C., because of 52A status.

52. Plaintiff remain at S.B.C.C. until approximately 09/20/03. When plaintiff was taken to Nashua Street Jail.

53. Plaintiff is presently been sentenced and being held at MCI-Norfolk.

Denial of Due Process

54. Plaintiff was placed in punitive segregation at MCI-Concord, then transferred to S.B.C.C. Segregation and to the Aggessive Unit, for an lenght of time of approximately 600 days.

55. Plaintiff was never served with disciplinary charges, or brought before the Disciplinary Board, to argue against charges.

56. Plaintiff filed an grievance based on the above described events, where there should have been cause to rectify the wrong of placing plaintiff in Dept. 9, and transfering to higher security.

57. Plaintiff was an Pretrial Detainee subjetced to punishment and retained an liberty interest in freedom from diciplinary confinement without due process, and equal protection.

58. Defendants denied plaintiff his due process rights which are protected by not allowing plaintiff an opportunity to rebut charges.

59. Defendants deprived plaintiff of his Constitutional

(7)

Procedural Rights, while being held in the Dept. 9, then transferring him, (along with Dameqqah Shaheed, who had been seen, sanctioned by the D-Board), to S.B.C.C.

Retalation

60. Defendants retaliated against plaintiff by transferring him to an Super Maximum Security facility, even though the plaintiff had not seen an D-Board, nor recieved any D-Ticket or been found guilty of violating any rules.

61. Plaintiff's cellie Shaheed had plead guilty, recieved sanctiona at his D-Hearing, made statements that plaintiff had no knowledgement of his shanks. And also was classed to S.B.C.C. as punishment for his actions of breaking the rules at MCI-Concord. by transferring plaintiff along with Shaheed to S.B.C.C., this action can only be see as punishment, Plaintiff is an Pretrial Detainee.

8th Amendment

62. Defendants actions violated the plaintiff's Eighth Amendment of the Constitution of the United States by submitting him to punishment, while he was an Pretrial Detainee.

Claims for relief

63. Defendants Conte, Collins, John Doe 1,2,and 3s' actions in not allowing plaintiff to be released from Dept. 9, after no evidence was found, to show that plaintiff had violated anyrule exhibited deliberate indifference.

64. The actions of defendants Conte, Collins, and John Does 1,2,3, in stating that plaintiff is placed in administrate segregation following a disciplinary hearing, then transferring plaintiff to an Super Maximum Security(S.B.C.C.), without proper due process, failing to intervene to prevent the deliberate indifference, were done maliciously and sadistically, constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

65. The failure of defendant Conte to take disciplinary or other action to curb the pattern of violating due process of de-

Procedural Rights, while being held in the Dept. 9, then transferring him, (along with Dameqqah Shaheed, who had been seen, sanctioned by the D-Board), to S.B.C.C.

Retalation

60. Defendants retaliated against plaintiff by transferring him to an Super Maximum Security facility, even though the plaintiff had not seen an D-Board, nor recieved any D-Ticket or been found guilty of violating any rules.

61. Plaintiff's cellie Shaheed had plead guilty, recieved sanctiona at his D-Hearing, made statements that plaintiff had no knowledgement of his shanks. And also was classed to S.B.C.C. as punishment for his actions of breaking the rules at MCI-Concord. by transferring plaintiff along with Shaheed to S.B.C.C., this action can only be see as punishment, Plaintiff is an Pretrial Detainee.

8th Amendment

62. Defendants actions violated the plaintiff's Eighth Amendment of the Constitution of the United States by submitting him to punishment, while he was an Pretrial Detainee.

Claims for relief

63. Defendants Conte, Collins, John Doe 1,2,and 3s' actions in not allowing plaintiff to be released from Dept. 9, after no evidence was found, to show that plaintiff had violated anyrule exhibited deliberate indifference.

64. The actions of defendants Conte, Collins, and John Does 1,2,3, in stating that plaintiff is placed in administrate segregation following a disciplinary hearing, then transferring plaintiff to an Super Maximum Security(S.B.C.C.), without proper due process, failing to intervene to prevent the deliberate indifference, were done maliciously and sadistically, constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

65. The failure of defendant Conte to take disciplinary or other action to curb the pattern of violating due process of de-

(8)

tainees or inmates by defendants Collins, John Does 1,2,3, and himself, constituted deliberate indifference and constrituted to and proximately caused the above described violation of Eighth Amendment.

66. The actions of defendant Conte, in transferring plaintiff to higher security, with no evidence to support the charge and providing an inadequate written Notice Pursuant to 103 CMR 423-Special management denied the plaintiff the due process of law in violation of the plaintiff's Fourteenth Amendment to the United States Constitution.

67. The actions of defendant Conte in oking plaintiffs' transfer to Super Maximum Security, despite his knowledge of the above described due process violations, and punishment subjected plaintiff to constituted deliberate indifference and further denied the plaintiff the due process of law in violation of the Fourteeth Amendment to the United States Constitution.

68. The actions of defendants Conte, Collins, and John Does 1,2,3 caused plaintiff to be punished without just by placing plaintiff in Dept. 9., then transferring him to S.B.C.C. where plaintiff had to stay approx. 600 days in SMU, and the Aggressive Block.

69. The actions of Defendants Conte, Collins, and John Does 1,2,3 participated directly in the alleged constitutional vi0lations.

70. The defendant Conte, after being informed of the violation, failed to remdy the wrong.

71. The defendant Conte created a policy or custom under which unconstitutional prctices occurred, or allowed the contiuance of such apolicy or custom.

72. The defendant Conte was grossly negligent in supervising subordinates who committed the wrongful acts.

73. The defendants Conte, Collins, and John Does 1,2,3 exhibited deliberate indifference to the rights of the Pretrial Detainee by failing to act on information indicating that unconst-

(9)

itutional acts were occurring.

Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. Defendant Conte and John Doe 3s' failure to take action to curb the Due Process violation, to transfer the plaintiff S.B.C.C. violated the rights under the Fifth Amendment, the Eighth Amendment and the Fourteenth Amendment to the United States Constitution.

2. Defendants Conte, Collins, and John Does 1,2,3 actions in allowing plaintiff to be punished unjustly, in sustaining it violated the plaintiffs'(pretrial Detainee) 8th Amendment to the United States Constitution.

3. Defendant Contes' action in allowing plaintiff to remain held in Dept. 9, without an disciplinary hearing violated plaintiffs' rights under the Due Process Clause of the 14th Amendment to the United States Constitution.

4. Defendant Collins and John Doe 2s' actions in failing to provide their findings of plaintiff's innocence in violating any rules and allowing plaintiff to be further punished from their deliberate indifference and abuse of their power in oking the transfer.

5. Defendant Collins knowingly transferring the plaintiff to higher security, and that plaintiff had not violated any rule.

B. Award Compensatory damages in the following amounts:

1. $100,000.00 jointly and severally against defendants Conte, Collins, and John Does 1,2,3 for the punishment and emotional injury resulting from their denial of due process in connection with the plaintiffs' disciplinary proceeding and transferring to Super Mximum Security S.B.C.C. where plaintiff had to stay for an approxiamately 600 days.

C. Award punitive damages in the following amounts:

1. $20,000.00 each against defendants Conte, Collins and John Doe 1,2,3.

D. Grant such other relief as it may appear that plaintiff is entitled.

(10)

Respectfully submitted,

*James G. Heyward* (signature)
James G. Heyward, W82441
MCI-Norfolk
P.O. Box 43
Norfolk, MA. 02056-0043

Dated: 01/18/05

I, James G. Heyward, Pro se Plaintiff, declare under penalty of perjury that the facts are correct and true, pursuant to 28 U.S.C. §1746.

Signed: *James Heyward* (signature)   on 01/18/05.

(11)

∾JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** James G. Heyward

**DEFENDANTS** Conte, Collins, John Doe 1 John Doe 2 and John Doe 3

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
**Pro Se**

Attorneys (If Known)

[stamp: 05-10325-RCL]

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Violating Plaintiff's Due Process Rights while a Pretrial Detainee

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 02-07-05
SIGNATURE OF ATTORNEY OF RECORD: James Heyward

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __James G. Heyward__
   __v. Conte__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES    **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)    YES    **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?    YES    **(NO)**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).    **(YES)**    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **(EASTERN DIVISION)**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __James G. Heyward Pro se__
ADDRESS __MCI-Norfolk PO BOX 43 Norfolk, MA 02056__
TELEPHONE NO. _____

(Cover sheet local.wpd - 11/27/00)