UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  05-10325-RCL

JAMES G. HEYWARD,

    Plaintiff,

v.

CONTE, *et al.*,

    Defendants.

## **DEFENDANTS'MOTION TO ENLARGE TIME**

Now come the defendants Peter Pepe (sued as successor to Sueprintendent Conte) and Brian Collins, and hereby move this Court for an enlargement of time within which to respond to the plaintiff's Complaint up to and including **June 27, 2005**.  As grounds therefor, the defendants states as follows:

1.    The plaintiff, James G. Heyward, is an inmate currently incarcerated within the Department of Correction ("Department") at MCI-Norfolk.  At all times relevant to his complaint, however, he alleges he was a pre-trial detainee.

2.    The defendants are MCI-Concord's current Superintendent, Peter Pepe (as successor to then Superintendent Conte) and Lt. Broan Collins, an inner perimeter security ("IPS") officer at MCI-Concord at the times relevant to the plaintiff's Complaint.  There are also three "John Doe" defendants who have yet to be identified and served by the Department.

3.    Lt. Collins was served with the Complaint on or about April 15, 2005.  Superintendent Pepe was served on or about April 20, 2005.  According to the

summonses served by the plaintiff, these parties have sixty (60) days within which to file a response.  See Exhibit A attached hereto.

4.     Both defendants referred their pleadings to the Legal Division, where the case was assigned to the undersigned counsel on May 9, 2005.  The undersigned was not provided with Superintendent Pepe's request for representation until May 11, 2005, however.

5.     Although the plaintiff appears to permit sixty (60) days for a response in the summonses, the undersigned counsel understands Rule 12 of the Federal Rules of Civil Procedure to permit only twenty (20) days for a response.   Accordingly, the defendants now seek an enlargement to permit additional time within which to answer the complaint in order to comply with that rule.

6.     Additional time is necessary for the following reason.  The incidents alleged in the complaint appear to have taken place from January 23, 2002 to approximately April 17, 2002, during a previous, pre-trial incarceration of the plaintiff. Accordingly, in order to investigate the issues the plaintiff raises so that an adequate response to the complaint can be framed, it will be necessary to recall plaintiff's prior records from archives.  The undersigned counsel is advised this may take several weeks.

7.     An enlargement permitting these records to be recalled will not prejudice the plaintiff.  Indeed, the plaintiff, albeit mistakenly, believed that the defendants would have sixty (60) days to respond.  Accordingly, permitting an additional forty-five days from the date of this motion should not significantly impact the progress of the case as it was anticipated by the plaintiff.

8.   Moreover, the additional time is necessary in order for the defendants to prepare an adequate defense.  The events alleged in the complaint occurred three years ago, and one of the defendants (sued apparently in his individual capacity) appears to be sued as a successor, who necessarily has no personal knowledge of the incidents. Accordingly, retrieving and reviewing any records pertinent to the complaint is the only way to ensure an adequate response.

WHEREFOR, the Massachusetts Department of Correction respectfully requests an enlargement of forty five days from this date, or up to and including **June 27, 2005**.

Dated: May 12, 2005

Respectfully submitted,

Department of Correction,
Defendant

By its attorneys:

NANCY ANKERS WHITE
Special Assistant Attorney General

_____/s/_____
Wendy C. Weber, Counsel
BBO No. 633950
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x189

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true copy of the above document was served upon the plaintiff appearing *pro se* by first class mail.

Date: _____May 12, 2005_____         _____/s/_____
                                                 Wendy C. Weber, Counsel