U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| James G. Heyward | 05-10325RCL |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Conte | "summons and complaint" |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Superintendent Conte's succesor, Superintendent Peter A. Pepe, Jr.

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
MCI-Concord, 965 Elm St. P.O. Box 9106 Concord, MA. 01742

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| James G. Heyward, W82441 | Number of process to be served with this Form - 285 : 2 |
| MCI-Norfolk | Number of parties to be served in this case : 2 |
| P.O. Box 43 | |
| Norfolk, MA. 02056-0043 | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

"Individual Capicity", Superintendent Peter A. Pepe, Jr. is Supt.

Contes' succesor in office.

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER: none
DATE: 04/12/05

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 38 | District to Serve No. 38 | Signature of Authorized USMS Deputy or Clerk | Date 4/18/05 |
|---|---|---|---|---|---|
| | 1 | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (if not shown above)
Kim Bergan (Sec. to Superintendent)
☐ A person of suitable age and discretion then residing in the defendant's usual place of abode

Address (complete only if different than shown above)

Date of Service: 4/20/05 Time: 12:30 ☐ am ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | 48. | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED

**1. CLERK OF THE COURT**

FORM

**EXHIBIT A**

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Criminal Docket

## Commonwealth v Heyward, James

Details for Docket: SUCR1998-10798

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCR1998-10798 | **Caption:** | Commonwealth v Heywa James |
| **Entry Date:** | 06/18/1998 | **Case Status:** | Criminal 1 Ctrm 704 |
| **Status Date:** | 10/23/2003 | **Session:** | Disposed |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 07/10/1998 | **Jury Trial:** | NO |

### Parties Involved

2 Parties Involved in Docket: SUCR1998-10798

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Heyward | **First Name:** | James |
| **Address:** | 17 Hartford St | **Address:** | |
| **City:** | Dorchester | **State:** | MA |
| **Zip Code:** | 02125 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

### Attorneys Involved

6 Attorneys Involved for Docket: SUCR1998-10798

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket

**EXHIBIT**

B

| Attorney Involved: | | Firm Name: | SUFF03 |
|---|---|---|---|
| Last Name: | Freeman | First Name: | William R |
| Address: | 1 Bulfinch Place | Address: | 3rd floor |
| City: | Boston | State: | MA |
| Zip Code: | 02114 | Zip Ext: | |
| Telephone: | 617-619-4094 | Tel Ext: | |
| Fascimile: | 617-619-4009 | Representing: | |

| Attorney Involved: | | Firm Name: | PANS01 |
|---|---|---|---|
| Last Name: | Giblin III | First Name: | Thomas J |
| Address: | 2001 Beacon Street | Address: | Suite 200 |
| City: | Brighton | State: | MA |
| Zip Code: | 02135 | Zip Ext: | |
| Telephone: | 617-277-1741 | Tel Ext: | |
| Fascimile: | 617-277-0052 | Representing: | Heyward, James (Defendant) |

| Attorney Involved: | | Firm Name: | |
|---|---|---|---|
| Last Name: | Shea | First Name: | Mark W |
| Address: | Shea, Larocque & Wood, LLP | Address: | 47 Third Street, Suite 201 |
| City: | Cambridge | State: | MA |
| Zip Code: | 02141 | Zip Ext: | |
| Telephone: | 617-577-8722 | Tel Ext: | |
| Fascimile: | | Representing: | Heyward, James (Defendant) |

| Attorney Involved: | | Firm Name: | |
|---|---|---|---|
| Last Name: | Doyle, Jr | First Name: | Richard M |
| Address: | 875 Massachusetts Avenue | Address: | Suite 32 |
| City: | West Cambridge | State: | MA |
| Zip Code: | 02139 | Zip Ext: | |
| Telephone: | 617-864-1390 | Tel Ext: | |
| Fascimile: | 617-868-3175 | Representing: | Heyward, James (Defendant) |

| Attorney Involved: | | Firm Name: | |
|---|---|---|---|
| Last Name: | Pagliarulo | First Name: | Joseph M |

| | | | |
|---|---|---|---|
| **Address:** | 104 Keith Street | **Address:** | |
| **City:** | West Roxbury | **State:** | MA |
| **Zip Code:** | 02132 | **Zip Ext:** | |
| **Telephone:** | 617-323-4216 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hunt | **First Name:** | Sarah Jennings |
| **Address:** | 99 Lexington Ave. | **Address:** | Suite One |
| **City:** | Cambridge | **State:** | MA |
| **Zip Code:** | 02138 | **Zip Ext:** | |
| **Telephone:** | 617-492-7173 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Heyward, James (Defendant) |

## Calendar Events

60 Calendar Events for Docket: SUCR1998-10798

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 07/02/1998 | 09:30 | Arraignment | 1 | |
| 2 | 07/09/1998 | 09:30 | Arraignment | 1 | Event held as scheduled |
| 3 | 07/24/1998 | 09:30 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 4 | 09/09/1998 | 09:30 | Hearing: Motion | 1 | |
| 5 | 09/21/1998 | 09:30 | Hearing: Motion | 1 | |
| 6 | 10/07/1998 | 09:30 | Hearing: Motion | 1 | |
| 7 | 10/09/1998 | 09:00 | Bail: Review | 6 | Event held as scheduled |
| 8 | 10/09/1998 | 09:00 | Bail: Review | 6 | Event held as scheduled |
| 9 | 10/09/1998 | 09:30 | Conference: Trial Assignment | 1 | Event canceled not re-scheduled |
| 10 | 10/23/1998 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 11 | 11/06/1998 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 12 | 11/13/1998 | 09:30 | Hearing: Motion | 1 | |
| 13 | 11/17/1998 | 09:30 | Hearing: Motion | 1 | |
| 14 | 12/14/1998 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 15 | 12/15/1998 | 09:30 | Hearing: Motion | 1 | Event canceled not re-scheduled |
| 16 | 12/16/1998 | 09:00 | Hearing: Motion | 5 | Event canceled not re-scheduled |
| 17 | 01/14/1999 | 09:00 | Conference: Status Review | 6 | Event held as scheduled |

| 18 | 02/19/1999 | 09:00 | Conference: Status Review | 6 | Event canceled not re-scheduled |
| 19 | 10/02/2001 | 09:30 | Status: Administrative Review | 1 | Event held as scheduled |
| 20 | 10/15/2001 | 09:00 | Status: Review by Session | 5 | Event canceled not re-scheduled |
| 21 | 11/26/2001 | 09:30 | Status: Review by Session | 1 | Event held as scheduled |
| 22 | 12/12/2001 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 23 | 01/04/2002 | 09:30 | Hearing: Appt Counsel | 1 | Event not held--req of Defendant |
| 24 | 01/16/2002 | 09:30 | Hearing: Appt Counsel | 1 | Event held as scheduled |
| 25 | 01/23/2002 | 09:30 | Conference: Status Review | 1 | Event not held--joint request |
| 26 | 01/28/2002 | 09:30 | Conference: Status Review | 1 | Event not held--joint request |
| 27 | 02/01/2002 | 09:30 | Conference: Status Review | 1 | Event canceled not re-scheduled |
| 28 | 02/20/2002 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 29 | 03/14/2002 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 30 | 03/26/2002 | 09:30 | Hearing: Evidentiary-suppression | 1 | Event not held--joint request |
| 31 | 04/23/2002 | 09:30 | Hearing: Evidentiary-suppression | 1 | Event held as scheduled |
| 32 | 05/06/2002 | 09:00 | TRIAL: by jury | 2 | Event canceled not re-scheduled |
| 33 | 05/14/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 34 | 06/14/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 35 | 06/18/2002 | 09:00 | Status: Review by Session | 2 | Event held as scheduled |
| 36 | 06/18/2002 | 09:30 | Conference: Status Review | CM | Event moved to another sess |
| 37 | 07/02/2002 | 09:00 | Status: Review by Session | 2 | Event moved to another sess |
| 38 | 07/02/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 39 | 08/08/2002 | 09:30 | Conference: Status Review | CM | Event moved to another sess |
| 40 | 08/12/2002 | 09:00 | Hearing: Appt Counsel | 2 | Event held as scheduled |
| 41 | 08/28/2002 | 09:30 | Status: Administrative Review | CM | Event held as scheduled |
| 42 | 09/05/2002 | 09:00 | Hearing: Non-evidentiary-Counsel | 2 | Event held as scheduled |
| 43 | 09/05/2002 | 09:30 | Hearing: Appt Counsel | CM | Event moved to another sess |
| 44 | 09/13/2002 | 09:00 | Hearing: Appt Counsel | 2 | Defense attorney did not appear |
| 45 | 09/16/2002 | 09:00 | Hearing: Appt Counsel | 2 | Event held as scheduled |
| 46 | 11/06/2002 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 47 | 01/15/2003 | 09:30 | Conference: Trial Assignment | CM | Defense attorney did not appear |
| 48 | 02/03/2003 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 49 | 02/10/2003 | 09:30 | Hearing: Non-eviden-Discovery | 1 | Event held as scheduled |
| 50 | 02/26/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 51 | 04/02/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 52 | 05/21/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |

| 53 | 08/04/2003 | 09:00 | TRIAL: by jury | 4 | Event not reached by Court |
| 54 | 09/22/2003 | 09:00 | TRIAL: by jury | 4 | Event moved to another ses: |
| 55 | 09/22/2003 | 09:00 | TRIAL: by jury | 4 | Event moved to another ses: |
| 56 | 09/22/2003 | 09:00 | TRIAL: by jury | 2 | Event not reached by Court |
| 57 | 09/23/2003 | 09:00 | Hearing: Plea Change | 2 | Event held as scheduled |
| 58 | 10/01/2003 | 09:00 | Hearing: Sentence Imposition | 2 | Event held as scheduled |
| 59 | 06/01/2005 | 09:00 | Hearing: Post-Sentence | 3 | Event moved to another ses: |
| 60 | 06/01/2005 | 09:30 | Hearing: Post-Sentence | 1 | |

## Full Docket Entries

196 Docket Entries for Docket: SUCR1998-10798

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 05/22/1998 | | Case opened to issue docket# to grand jury |
| 06/18/1998 | 1 | Indictment returned |
| 06/18/1998 | 2 | Motion by Commonwealth for summons of Deft to appear; filed & allowed |
| 06/18/1998 | 2 | (Vieri Volterra, Justice) |
| 06/18/1998 | | Summons for arraignment issued |
| 07/09/1998 | | Brought into Court. |
| 07/09/1998 | | Deft arraigned before Court |
| 07/09/1998 | | Deft waives reading of indictment |
| 07/09/1998 | | RE offense 1: Plea of not guilty |
| 07/09/1998 | 3 | Scheduling Order filed. Discovery shall be completed by 8/25/98; |
| 07/09/1998 | 3 | Disputed non-evidentiary motions shall be filed 7 days (9/2/98) |
| 07/09/1998 | 3 | before hearing which will be held in 60 days; Evidentiary motions and |
| 07/09/1998 | 3 | supplemental joint pre-trial conference report shall be filed by |
| 07/09/1998 | 3 | 9/29/98. |
| 07/09/1998 | | Deft notified of right to request drug exam |
| 07/09/1998 | | Bail set: $25,000.00 cash without prejudice. Bail warning read. |
| 07/09/1998 | | Mittimus issued. Walsh, AC/M - J. Pagliarulo, ADA - C. Janes, Court |
| 07/09/1998 | | Reporter - D. Harrant, Attorney |
| 07/24/1998 | | Defendant not in court |
| 07/24/1998 | 4 | Pre-trial conference report filed. Wilson,AC/M - J. Pagliarulo, ADA - |
| 07/24/1998 | 4 | N. King, Court Reporter - R. Barrett, Attorney |
| 10/09/1998 | | Brought into Court - hearing re: oral motion for reduction of bail |
| 10/09/1998 | | after hearing allowed. |
| 10/09/1998 | | Bail set: $100,000. with surety or $10,000. cash bail. Bail warning |
| 10/09/1998 | | read. Lauriat, J. - J. Pagliarulo, ADA - P. Flahery, Court reporter |
| 10/09/1998 | | S. Hunt, Attorney |

| 10/09/1998 | 4 | Deft files motion for a Bill of Particuliars. |
| 10/09/1998 | 5 | Deft files motion to preserve evidence. |
| 10/23/1998 |   | Motion (P#4 ) allowed as endorsed. |
| 10/23/1998 |   | Motion (P#5 ) allowed. |
| 10/23/1998 | 6 | Deft files motion for disclosure of informant and memorandum of law, |
| 10/23/1998 | 6 | filed. Ball, J. - J. Pagliarulo, ADA - K. Rael, Court Reporter - S. |
| 10/23/1998 | 6 | Hunt, Attorney. |
| 12/23/1998 |   | Defendant not in court. Lobby Conference case is assigned to the VIth |
| 12/23/1998 |   | Criminal Session (Room 907) for hearing Re: Motions on 1/11/99 by |
| 12/23/1998 |   | agreement. Donovan,RAJ - J. Pagliarullo, ADA - S.Hunt, Atty. |
| 01/11/1999 | 7 | Deft files Motion to suppress, after hearing, Continued to 01/12/99 |
| 01/11/1999 | 7 | for furhter hearing |
| 01/11/1999 |   | Motion (P#6) allowed at this time. Bohn, J. - J. Pagliarulo, ADA - P. |
| 01/11/1999 |   | Connelly, Court Reporter - S. Hunt, Atty. |
| 01/12/1999 |   | Hrg re: Paper #7, after hearing, taken under advisement. Continued to |
| 01/12/1999 |   | 01/14/99 for status conference and argument. Bohn, J. - J. |
| 01/12/1999 |   | Pagliarulo, ADA - M. McDonald, Court Reporter - S. Hunt, Atty. |
| 01/21/1999 | 8 | Deft files Motion for Amaral/Franks hearing with affidavit , After |
| 01/21/1999 | 8 | lobby conference, Continued to 01/28/99 for status. Bohn, J. - J. |
| 01/21/1999 | 8 | Pagliarulo, ADA - S. Hunt, Atty. |
| 01/26/1999 | 9 | Deft files second affidavit in support of motion for Amaral/Fanks |
| 01/26/1999 | 9 | hearing |
| 03/30/1999 | 10 | Commonwealth files Proposed findings of facts and rulings of law |
| 04/01/1999 | 11 | Commonwealth files Memoramndum in opposition to Motion for disclosure |
| 04/01/1999 | 11 | of informant. |
| 04/05/1999 | 12 | Findings of fact, rulings of law and order allowing Defendant's |
| 04/05/1999 | 12 | Motion to suppress filed by Bohn, J. |
| 04/30/1999 | 12 | Commonwealth files: Motion for reconsideration of deft's motion to |
| 04/30/1999 | 12 | suppress evidence and Memo. (Bohn, J. notified with copy). 5/5/99. |
| 05/14/1999 |   | Motion (P#12.1) denied see endorsement. (J. Pagliarulo, ADA & S. |
| 05/14/1999 |   | Hunt, Attorney notified 5/24/99). |
| 05/28/1999 | 14 | Commonwealth files notice of appeal |
| 05/28/1999 | 13 | Commonwealth files motion for leave to file late notice of appeal and |
| 05/28/1999 | 13 | affidavit in support of. |
| 06/28/1999 | 15 | Order received from S.J.C.allowing application for Interlocutory |
| 06/28/1999 | 15 | Appeal,filed. |
| 06/28/1999 |   | Court Reporter P.Connelly is hereby notified to prepare one copy of |
| 06/28/1999 |   | the transcript of the evidence of January ll,l999 for hearing on |
| 06/28/1999 |   | Motion to Suppress before Bohn,J.. |
| 06/28/1999 |   | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| 06/28/1999 |   | the transcript of the evidence of January 12,l999 for hearing on |

| 06/28/1999 | | Motion to Suppress before Bohn,J.. |
| 06/30/1999 | | Transcript received from P.Connelly, Court Reporter |
| 07/07/1999 | | Transcript received from M.McDonald, Court Reporter. |
| 07/07/1999 | | Notice sent to attorneys that transcripts are available. |
| 07/08/1999 | 16 | Certificate of delivery of transcript by Clerk-filed. |
| 07/12/1999 | 17 | Notice of assembly of record; mailed to App Crt per Rule 9(d) |
| 07/12/1999 | | Two certified copies of docket entries, original and copy of |
| 07/12/1999 | | transcript, two copies of Exhibit List, List of Documents, Copy of |
| 07/12/1999 | | Papers, #7,l0,l2,l2.l,l3,l4,l5, each transmitted to Clerk of |
| 07/12/1999 | | Appellate Court. (J.Pagliarulo, ADA - P.Linn, AdA - S.Hunt, Attorney |
| 07/12/1999 | | for the defendant) |
| 11/20/2000 | 18 | Deft files Pro Se Motion for Bail Reduction. Bohn, J. notified 1/16/01 |
| 01/08/2001 | 19 | Deft files pro-se: motion for appointment of Appellate Counsel |
| 01/08/2001 | 19 | w/affidavit. (Bohn, J. notified 1/16/01) |
| 01/31/2001 | | Motion (P#18) denied as endorsed. (Robert H. Bohn, Jr., Justice) |
| 01/31/2001 | | (deft pro se notified) |
| 03/29/2001 | 20 | Rescript received from Appeals Court; "The order allowing the motion |
| 03/29/2001 | 20 | to suppress vacated. The case is remanded to the Superior Court for |
| 03/29/2001 | 20 | further proceedings." Filed with memorandum. |
| 10/02/2001 | 21 | Withdrawal of appearance requested by Sarah Jennings Hunt |
| 10/02/2001 | | Motion (P#21) allowed. Attorney Sarah Hunt is allowed to withdraw. |
| 10/02/2001 | | (McEvoy, J.) |
| 10/02/2001 | | Appointment of Counsel Richard M Doyle pursuant to rule 53. McEvoy, |
| 10/02/2001 | | J. - W. Freeman, ADA - D. McLean, Court Reporter - R. Doyle, |
| 10/02/2001 | | Attorney.(notified 10/5/01) |
| 01/16/2002 | | Motion (P#37 filed in # 2000-10814) allowed (Peter M Lauriat, |
| 01/16/2002 | | Justice). |
| 01/16/2002 | | Appointment of Counsel Mark W Shea pursuant to Rule 53. (Notified |
| 01/16/2002 | | 1/25/02) Lauriat, J. - L. Freeman, ADA - K. Considine, Court Reporter |
| 01/16/2002 | | - R. Doyle, Attorney. |
| 03/14/2002 | | Defendant not in court. After hearing court orders defendant's oral |
| 03/14/2002 | | motion to file motion to suppress late denied. |
| 03/14/2002 | | Continued until May 06, 2002 for Trial. Merrick, J - W. Freeman, ADA |
| 03/14/2002 | | - R. Romanow, Court Reporter - M. Shea, Attorney. (Case assigned to |
| 03/14/2002 | | the 2nd session, Room 8) |
| 04/24/2002 | | Court, Spurlock, RAJ orders case put on magistrate's list for 5/14/02 |
| 04/24/2002 | | for status re: findings by Justice Bohn. Court, Spurlock, RAJ orders |
| 04/24/2002 | | Clerk's Office to notify Justice Bohn of Appeal Court decision (P#20) |
| 04/24/2002 | | of 3/29/01 so that he can make appropriate findings. Copy of (P#20) |
| 04/24/2002 | | should be forwarded to Justice Bohn. Spurlock, RAJ (Bohn, J notified |
| 04/24/2002 | | w/copy and updated docket sheets) |

| 06/19/2002 | | Spurlock, RAJ talked to Bohn, J. and he stated he will make new |
| 06/19/2002 | | Findings pursuant to Rescript of 3/29/01. |
| 07/19/2002 | | Defendant not in Court. Continued until July 30, 2002 at 2:00 p.m. |
| 07/19/2002 | | in Middlesex before Graham, J. Wilson, AC/M - W. Freeman, ADA - ERD |
| 07/19/2002 | | - M. Shea, Attorney (Habe issued 7/19/02) |
| 08/12/2002 | | Brought into Court - Hearing re: oral motion of attorney Mark Shea |
| 08/12/2002 | | to withdraw -After hearing allowed only if defendant retains own |
| 08/12/2002 | | counsel. (See Record) Spurlock, RAJ - W. Freeman, ADA - N. King, |
| 08/12/2002 | | Court Reporter - M. Shea, Attorney. |
| 09/05/2002 | | Defendant brought into Court |
| 09/05/2002 | | Withdrawal of appearance requested by Mark Shea is allowed after |
| 09/05/2002 | | hearing.. |
| 09/05/2002 | | Defendant having been surrendered by surety ,Bail set on 10/9/98 is |
| 09/05/2002 | | revoked and order return to surety. |
| 09/05/2002 | | Bail set: $100.000 with sufficient surety or in alternative 10,000 |
| 09/05/2002 | | cash bail. Mittimus issued. Bail warning given. Spurlock J. - M. |
| 09/05/2002 | | Freeman ADA - N. King Court Reporter - M. Shea Attorney |
| 09/16/2002 | | Brought into Court. Hearing re: Counsel before the Court, Spurlock, |
| 09/16/2002 | | J.. After hearing, the Court appoints Attorney Thomas Giblin to |
| 09/16/2002 | | represent the defendant pursuant to Rule 53. |
| 09/16/2002 | | Appointment of Counsel Thomas J Giblin III. Spurlock, J. - W. |
| 09/16/2002 | | Freeman, ADA - N. King, Court Reporter - T. Giblin, Attorney |
| 01/15/2003 | | Defendant not present. Wilson, AC/M - W. Freeman, ADA - ERD |
| 02/03/2003 | | Defendant not present. Wilson, AC/M - W. Freeman, ADA - ERD - T. |
| 02/03/2003 | | Giblin, Attorney. |
| 02/10/2003 | | Defendant not present. Lauriat, J. - W. Freeman, ADA - A. McDonald, |
| 02/10/2003 | | Court Reporter. |
| 02/26/2003 | | Defendant not present. Walsh, AC/M - ERD - T. Giblin, Attorney. |
| 04/02/2003 | | Defendant not present. Wilson, AC/M - W. Freeman, ADA - ERD - T. |
| 04/02/2003 | | Giblin, Attorney |
| 04/02/2003 | 22 | Deft files motion for copying services without cost. |
| 04/02/2003 | | Motion (P#22) allowed. Wilson, AC/M (T. Giblin, Atty notified 4/8/03) |
| 04/16/2003 | 23 | MEMORANDUM & ORDER: memorandum of decision and order following remand |
| 04/16/2003 | 23 | (motion to suppress) Denied April 16, 2003, ,j.R.H.Bohn, Parties |
| 04/16/2003 | 23 | notified by phone and copy of order mailed 4/18/03 |
| 05/21/2003 | | Defendant not present. Continued to week of 8/4/03 for Trial. Walsh, |
| 05/21/2003 | | Mag - W. Freeman, ADA - ERD - T. Giblin, Attorney. Case assigned to |
| 05/21/2003 | | the 4th Criminal Session Rm 10 (Notices Sent) |
| 09/22/2003 | | Defendant not in court. |
| 09/22/2003 | | After hearing case assigned to 5th session for trial before Burnes,J |
| 09/22/2003 | | 9/23/03 by order of court. Spurlock, RAJ. - W. Freeman, ADA - N. |

AOTC Information Center                                                        Page 9 of 10

| | | |
|---|---|---|
| 09/22/2003 | | King, Court Reporter - T. Giblin, Attorney. |
| 09/22/2003 | | Defendant brought into court. |
| 09/22/2003 | | Case recieved back in 2nd criminal session, after hearing court |
| 09/22/2003 | | orders case scheduled for trial on 9/23/03 by order of court. |
| 09/22/2003 | | Spurlock,RAJ - W. Freeman, ADA - N. King, Court Reporter - T. Giblin, |
| 09/22/2003 | | Attorney. |
| 09/23/2003 | | Defendant brought into court. |
| 09/23/2003 | | Defendant offers to plead guilty, after hearing court accepts plea. |
| 09/23/2003 | | Defendant pleads guilty. |
| 09/23/2003 | 24 | Waiver of defendants' rights, filed. |
| 09/23/2003 | | Defendant warned per Chapter 278, Sec 29D of alien status |
| 09/23/2003 | | Continued until October 01, 2003 re Disposition. Habe to issue to |
| 09/23/2003 | | M.C. I. Cedar Junction for the defendant. (habe issued) Spurlock. RAJ |
| 09/23/2003 | | - W. Freeman, ADA - N. King, Court Reporter - T. Giblin, Attorney. |
| 09/23/2003 | | RE Offense 1:Guilty plea |
| 10/01/2003 | | Defendant brought into court. |
| 10/01/2003 | | Commonwealth moves for sentencing. |
| 10/01/2003 | | As to #001 - M.C.I. Cedar Junction - Not More Than: (5)five years and |
| 10/01/2003 | | (1)one day - Not Less Than (5) five years. (mitt issued) |
| 10/01/2003 | | Sentence credit given as per 279:33A: 473 days. |
| 10/01/2003 | | Notified of right of appeal under Rule 64 |
| 10/01/2003 | | Victim-witness fee assessed: $90.00 Imposed |
| 10/01/2003 | | Drug fee waived by court (see record). |
| 10/01/2003 | | Defendant warned of potential loss of license. |
| 10/01/2003 | 25 | Commonwealth's Motion for Forfieture, filed after hearing allowed. |
| 10/01/2003 | 26 | Commonwealth's Motion for Destruction of Evidence, filed after |
| 10/01/2003 | 26 | hearing allowed. Spurlock, RAJ. - W. Freeman, ADA - F. LeRoux, Court |
| 10/01/2003 | 26 | Reporter - T. Giblin, Attorney. |
| 10/07/2003 | 27 | Defendant's Motion for Return of Defendant's Property, filed and |
| 10/07/2003 | 27 | Allowed. Spurlock, RAJ. |
| 10/23/2003 | | Victim-witness fee paid as assessed in the amount of $90.00. |
| 11/24/2004 | 28 | Defendant's Letter re: Time Credit, filed. |
| 11/24/2004 | | After review of defendant's docket. The defendant having bail posted |
| 11/24/2004 | | for him on 10/14/98 of ($10,000.oo) on this case and bail revoked and |
| 11/24/2004 | | returned on 9/5/02 a new mitt issued. The defendant is not |
| 11/24/2004 | | entitled to any additional time credit. (defendant notified) |
| 04/21/2005 | 29 | Deft files pro se motion for jail credits. |
| 04/21/2005 | | Motion (P#29) denied as endorsed. Hinkle RAJ. (Defendant pro se |
| 04/21/2005 | | notified) |
| 05/02/2005 | 30 | Defendant's Pro Se: Motion for Jail Credit, filed. |
| 06/01/2005 | | Defendant brought into court for hearing Re: Paper #30. |

| 06/01/2005 | | After hearing the Court takes motion under advisement . |
| 06/01/2005 | | Appointment of Counsel Thomas J Giblin III, pursuant to Rule 53. |
| 06/01/2005 | | Locke, J. - W. Freeman, ADA - P. Pietrella, Court Reporter - T. |
| 06/01/2005 | | Giblin, Attorney. |
| 06/02/2005 | 31 | MEMORANDUM & ORDER: denying defendant's Motion for Jail Credits, |
| 06/02/2005 | 31 | filed. Locke, J. (Parties notified 6/8/05) |

## Charges

1 Charges for Docket: SUCR1998-10798

| No. | Charge Description: | Indictment: | Status: |
|-----|---------------------|-------------|---------|
| 1 | Traffic in controlled substance, 28-99g | SUDA98-10798 | Guilty plea |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

### Commonwealth of Massachusetts
### SUFFOLK SUPERIOR COURT
### Case Summary
### Criminal Docket

## Commonwealth v Heyward, James

Details for Docket: SUCR2000-10814

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCR2000-10814 | **Caption:** | Commonwealth v Heywa James |
| **Entry Date:** | 08/10/2000 | **Case Status:** | Criminal 2 Ctrm 806 |
| **Status Date:** | 10/22/2003 | **Session:** | Disposed |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 08/24/2000 | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: SUCR2000-10814

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Heyward | **First Name:** | James |
| **Address:** | 17 Hartford St | **Address:** | |
| **City:** | Dorchester | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Plaintiff |
|---|---|---|---|
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Probation officer |
|---|---|---|---|
| **Last Name:** | Stillwell | **First Name:** | Sandy |
| **Address:** | Chief Probation Officer | **Address:** | Suffolk Superi |

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket

EXHIBIT

| | | | |
|---|---|---|---|
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02109 | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

8 Attorneys Involved for Docket: SUCR2000-10814

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Neyman | **First Name:** | Stephen |
| **Address:** | 160 State Street | **Address:** | 8th floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02109 | **Zip Ext:** | |
| **Telephone:** | 617-263-6800 | **Tel Ext:** | |
| **Fascimile:** | 617-722-0144 | **Representing:** | Heyward, James (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Shea | **First Name:** | Mark W |
| **Address:** | Shea, Larocque & Wood, LLP | **Address:** | 47 Third Street, Suite 201 |
| **City:** | Cambridge | **State:** | MA |
| **Zip Code:** | 02141 | **Zip Ext:** | |
| **Telephone:** | 617-577-8722 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Heyward, James (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | SUFF02 |
| **Last Name:** | Romero | **First Name:** | Maria F |
| **Address:** | 200 Nashua Street | **Address:** | c/o General Council's Office |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02114 | **Zip Ext:** | |
| **Telephone:** | 617-635-1100 | **Tel Ext:** | 6684 |
| **Fascimile:** | 617-989-6693 | **Representing:** | Commonwealth, (Plaintiff) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | SUFF03 |
| **Last Name:** | Freeman | **First Name:** | William R |
| **Address:** | 1 Bulfinch Place | **Address:** | 3rd floor |

| | | | |
|---|---|---|---|
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02114 | **Zip Ext:** | |
| **Telephone:** | 617-619-4094 | **Tel Ext:** | |
| **Fascimile:** | 617-619-4009 | **Representing:** | Commonwealth, (Plaintiff) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | SWEE04 |
| **Last Name:** | Abelow | **First Name:** | Arnold I |
| **Address:** | 459 Broadway | **Address:** | |
| **City:** | Everett | **State:** | MA |
| **Zip Code:** | 02149 | **Zip Ext:** | |
| **Telephone:** | 617-389-2640 | **Tel Ext:** | |
| **Fascimile:** | 617-387-4331 | **Representing:** | Heyward, James (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | PANS01 |
| **Last Name:** | Giblin III | **First Name:** | Thomas J |
| **Address:** | 2001 Beacon Street | **Address:** | Suite 200 |
| **City:** | Brighton | **State:** | MA |
| **Zip Code:** | 02135 | **Zip Ext:** | |
| **Telephone:** | 617-277-1741 | **Tel Ext:** | |
| **Fascimile:** | 617-277-0052 | **Representing:** | Heyward, James (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hunt | **First Name:** | Sarah Jennings |
| **Address:** | 99 Lexington Ave. | **Address:** | Suite One |
| **City:** | Cambridge | **State:** | MA |
| **Zip Code:** | 02138 | **Zip Ext:** | |
| **Telephone:** | 617-492-7173 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Heyward, James (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Doyle, Jr | **First Name:** | Richard M |
| **Address:** | 875 Massachusetts Avenue | **Address:** | Suite 32 |
| **City:** | West Cambridge | **State:** | MA |
| **Zip Code:** | 02139 | **Zip Ext:** | |
| **Telephone:** | 617-864-1390 | **Tel Ext:** | |
| **Fascimile:** | 617-868-3175 | **Representing:** | Heyward, James (Defendant) |

## Calendar Events

60 Calendar Events for Docket: SUCR2000-10814

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|-----|-------------|-------------|-----------------|------|---------------|
| 1 | 08/24/2000 | 09:30 | Arraignment | CM | Event held as scheduled |
| 2 | 08/31/2000 | 09:30 | Hearing: Appt Counsel | CM | Event held as scheduled |
| 3 | 10/02/2000 | 09:30 | Conference: Pre-Trial | CM | Event not held--scheduled for another date |
| 4 | 10/06/2000 | 09:30 | Conference: Pre-Trial | CM | Event not held--scheduled for another date |
| 5 | 10/20/2000 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 6 | 11/13/2000 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 7 | 12/06/2000 | 09:30 | Hearing: Non-eviden-Discovery | CM | Event held as scheduled |
| 8 | 12/21/2000 | 09:30 | Bail: Review | 1 | Event held as scheduled |
| 9 | 01/08/2001 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 10 | 01/24/2001 | 09:30 | Hearing: Appt Counsel | 1 | Event held as scheduled |
| 11 | 02/09/2001 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 12 | 02/20/2001 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 13 | 03/28/2001 | 09:30 | Hearing: Non-eviden-Discovery | CM | Event held as scheduled |
| 14 | 05/07/2001 | 09:30 | Hearing: Non-eviden-Discovery | CM | Event held as scheduled |
| 15 | 05/14/2001 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 16 | 06/04/2001 | 09:30 | Hearing: Appt Counsel | CM | Event held as scheduled |
| 17 | 06/07/2001 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 18 | 06/20/2001 | 09:30 | Conference: Status Review | | Event not held--scheduled for another date |
| 19 | 07/12/2001 | 09:30 | Hearing: Motion | 1 | Event not held--scheduled for another date |
| 20 | 09/07/2001 | 09:30 | Hearing: Evidentiary-affidavit | 1 | Event held as scheduled |
| 21 | 09/19/2001 | 09:30 | Hearing: Evidentiary-suppression | 1 | Event not held--scheduled for another date |
| 22 | 10/02/2001 | 09:30 | Status: Administrative Review | 1 | Event held as scheduled |
| 23 | 10/15/2001 | 09:00 | Hearing: Evidentiary-suppression | 5 | Event held--under advisement |
| 24 | 11/13/2001 | 09:30 | Status: Administrative Review | 1 | Event held as scheduled |
| 25 | 11/26/2001 | 09:30 | Conference: Status Review | 1 | Event not held--joint request |
| 26 | 12/12/2001 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 27 | 01/04/2002 | 09:30 | Hearing: Appt Counsel | 1 | Event not held--req of Defendant |

| 28 | 01/16/2002 | 09:30 | Hearing: Appt Counsel | 1 | Event held as scheduled |
| 29 | 01/23/2002 | 09:30 | Conference: Status Review | 1 | Event not held--joint request |
| 30 | 02/01/2002 | 09:30 | Conference: Status Review | 1 | Event not held--joint request |
| 31 | 02/20/2002 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 32 | 03/14/2002 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 33 | 03/26/2002 | 09:30 | Hearing: Evidentiary-suppression | 1 | Event not held--joint request |
| 34 | 04/23/2002 | 09:30 | Hearing: Evidentiary-suppression | 1 | Event held as scheduled |
| 35 | 05/06/2002 | 09:00 | Status: Review by Session | 2 | Event canceled not re-scheduled |
| 36 | 05/14/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 37 | 06/18/2002 | 09:00 | Status: Review by Session | 2 | Event held as scheduled |
| 38 | 06/18/2002 | 09:30 | Conference: Status Review | CM | Event moved to another session |
| 39 | 07/02/2002 | 09:00 | Status: Review by Session | 2 | Event moved to another session |
| 40 | 07/02/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 41 | 07/30/2002 | 09:30 | Hearing: Evidentiary-suppression | CM | Event moved to another session |
| 42 | 08/08/2002 | 09:30 | Conference: Status Review | CM | Event moved to another session |
| 43 | 08/12/2002 | 09:00 | Hearing: Appt Counsel | 2 | Event held as scheduled |
| 44 | 08/28/2002 | 09:30 | Status: Administrative Review | CM | Event held as scheduled |
| 45 | 09/05/2002 | 09:00 | Hearing: Non-evidentiary-Counsel | 2 | Event held as scheduled |
| 46 | 09/05/2002 | 09:30 | Hearing: Appt Counsel | CM | Event moved to another session |
| 47 | 09/13/2002 | 09:00 | Hearing: Appt Counsel | 2 | Defense attorney did not appear |
| 48 | 09/16/2002 | 09:00 | Hearing: Appt Counsel | 2 | Event held as scheduled |
| 49 | 11/06/2002 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 50 | 01/15/2003 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 51 | 02/03/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 52 | 02/10/2003 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 53 | 02/26/2003 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 54 | 04/02/2003 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 55 | 05/21/2003 | 09:30 | Conference: Trial Assignment | CM | Event held as scheduled |
| 56 | 08/04/2003 | 09:00 | TRIAL: by jury | 4 | Event not reached by Court |
| 57 | 09/22/2003 | 09:00 | TRIAL: by jury | 4 | Event moved to another session |
| 58 | 09/22/2003 | 09:00 | TRIAL: by jury | 2 | Event not reached by Court |
| 59 | 09/22/2003 | 14:00 | TRIAL: by jury | 2 | Event rescheduled by court prior date |
| 60 | 09/23/2003 | 09:00 | Hearing: Plea Change | 2 | Event held as scheduled |

## Full Docket Entries

229 Docket Entries for Docket: SUCR2000-10814

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 08/10/2000 | 1 | Indictment returned |
| 08/10/2000 | 2 | Motion by Commonwealth for arrest warrant to issue; filed & allowed |
| 08/10/2000 | 2 | Spurlock, RAJ |
| 08/10/2000 | | Warrant on indictment issued |
| 08/10/2000 | | Warrant was entered onto the Warrant Management System 08/10/2000 |
| 08/24/2000 | | Brought into court. |
| 08/24/2000 | | warrant recalled |
| 08/24/2000 | | Appearance of Deft's Atty: Sarah Jennings Hunt, arraignment only |
| 08/24/2000 | | Deft arraigned before Court |
| 08/24/2000 | | Deft waives reading of indictment |
| 08/24/2000 | | RE Offense 1:Plea of not guilty |
| 08/24/2000 | | RE Offense 2:Plea of not guilty |
| 08/24/2000 | | RE Offense 3:Plea of not guilty |
| 08/24/2000 | | RE Offense 4:Plea of not guilty |
| 08/24/2000 | | Bail set: $200,000.00 surety or $20,000.00 cash without prejudice. |
| 08/24/2000 | | Bail warning read. Mittimus issued. |
| 08/24/2000 | | Deft notified of right to request drug exam. Ford, AC/m - J. Julian, |
| 08/24/2000 | | ADA - D. Cullinan, Court Reporter - S. Hunt, Attorney. |
| 08/31/2000 | | Brought into Court. |
| 08/31/2000 | | Appointment of Counsel Stephen Neyman. Walsh, AC/M - C. Bartoloni, |
| 08/31/2000 | | ADA - D. Cullinan, Court Reporter - S. Neyman, Attorney |
| 11/03/2000 | 3 | Deft files motion for discovery. |
| 11/03/2000 | 4 | Deft files motion for funds for investigative services. |
| 11/03/2000 | 5 | Deft files motion for final witness list. |
| 12/06/2000 | | Defendant not in court. Motion (P#4) allowed. Wilson, A/CM - M. |
| 12/06/2000 | | Romero, ADA - K. Rael, Court Reporter - A. Neyman, Atty. |
| 12/15/2000 | 6 | Deft files Pro Se Motion to Dismiss Appointed Counsel and Appoint New |
| 12/15/2000 | 6 | Counsel |
| 12/15/2000 | 7 | Deft files Pro Se Motion for a Reduction of his bail |
| 12/21/2000 | | Brought into Court. Hearing held re: P#6 & #7. |
| 12/21/2000 | | Motion (P#7) denied. |
| 12/21/2000 | | Motion (P#6) denied (Carol S. Ball, Justice) - M. Romero, ADA - P. |
| 12/21/2000 | | Connelly, Court Reporter - S. Neyman, Attorney. |
| 01/08/2001 | | Comes into Court. |
| 01/08/2001 | 8 | Commonwealth files additional list of witnesses. Bohn, J. - M. |
| 01/08/2001 | 8 | Romero, ADA - M. MacDonald, Court Reporter |
| 01/24/2001 | | Brought into Court. |
| 01/24/2001 | 9 | Withdrawal of appearance and appointment of successor counsel filed |

| 01/24/2001 | 9 | by Stephen Neyman |
| 01/24/2001 | | Withdrawal of appearance requested by Stephen Neyman, allowed. |
| 01/24/2001 | | Appointment of Counsel Arnold I Abelow. Bohn, J - E. Donahue for M. |
| 01/24/2001 | | Romero, ADAs - M. McDonald, Court Reporter - A. Abelow, Attorney |
| 02/20/2001 | | Defendant not in court. Motions to be filed by 3/21/2001. |
| 02/20/2001 | 10 | Pre-trial conference report filed. Wilson, AC/M - M. Romero, ADA - M. |
| 02/20/2001 | 10 | McDonald, Court Reporter - A. Abelow, Attorney. |
| 03/28/2001 | | Defendant not in court. Motions to be filed by 4/30/2001. Wilson, |
| 03/28/2001 | | AC/M - M. Romero, ADA - K. Canty, Court Reporter - A. Abelow, |
| 03/28/2001 | | Attorney. |
| 05/17/2001 | 11 | Deft files pro se: motion to dismiss appointed counsel and to appoint |
| 05/17/2001 | 11 | new counsel. |
| 06/04/2001 | | Brought into Court. |
| 06/04/2001 | | Motion (P#11) allowed |
| 06/04/2001 | | Appointment of Counsel Richard M Doyle. Neel, J. - J. Julian, ADA - |
| 06/04/2001 | | D. McLean, Court Reporter - R. Doyle & A. Abelow, Attorney's |
| 06/07/2001 | | Brought into Court. |
| 06/07/2001 | 12 | Deft files motion for reduction of bail. |
| 06/07/2001 | | Motion (P#12) denied (Charles T. Spurlock, Regional Administrative |
| 06/07/2001 | | Justice) - J. Julian, ADA - D. McLean, Court Reporter - R. Doyle, |
| 06/07/2001 | | Attorney |
| 06/08/2001 | 13 | Deft files motion to withdraw as Counsel and request for new Counsel |
| 06/08/2001 | 13 | to be assigned and affidavit. |
| 06/11/2001 | 14 | Deft files application for reduction of bail to the SJC, exhibits and |
| 06/11/2001 | 14 | affidavit of indigency. |
| 07/17/2001 | 15 | Notice of docket entry received from the Supreme Judicial Court. |
| 07/17/2001 | 15 | Judgement: Denying relief under c. 211, s.3, after hearing. (Greaney, |
| 07/17/2001 | 15 | J.) |
| 07/26/2001 | 16 | Deft files Motion to dismiss (McCarthy) and affidavit and memorandum |
| 07/26/2001 | 16 | of law in support of. |
| 07/26/2001 | 17 | Deft files Motion to dismiss (O'Dell) with affidavit and memorandum |
| 07/26/2001 | 17 | of law. |
| 07/26/2001 | 18 | Deft files Motion to dismiss (Salman) with affidavit and memorandum |
| 07/26/2001 | 18 | of law in support of. |
| 07/26/2001 | 19 | Deft files motion to dismiss pursuant to M.G.L. c. 90c, sec. 2. |
| 07/26/2001 | 20 | Deft files Motion to suppress evidence with affidavit and memorandum |
| 07/26/2001 | 20 | of law in support of. |
| 07/26/2001 | 21 | Deft files Motion for expenses with affidavit in support of. |
| 07/26/2001 | 22 | Deft files Motion for copy of Turret tape. |
| 07/26/2001 | 23 | Deft files Motion for criminal records and certified copies of |
| 07/26/2001 | 23 | criminal convictions - appearances of counsel of Commonwealth's |

| 07/26/2001 | 23 | civilian witnesses. |
| 07/26/2001 | 24 | Deft files Motion for discovery and production of discoverable |
| 07/26/2001 | 24 | information. |
| 07/26/2001 | 25 | Deft files Supplemental motion for discovery and production of |
| 07/26/2001 | 25 | discoverable information. |
| 08/21/2001 | 26 | Deft files motion for a reduction of bail and affidavit in support of. |
| 08/21/2001 | 27 | Deft files motion for expenses and affidavit in support of. |
| 08/21/2001 | 28 | Deft files addendum to memorandum of law on motion to suppress. |
| 08/21/2001 | 29 | Deft files supplemental affidavit to motion to dismiss - Salman. |
| 09/07/2001 | 30 | Defendant not in Court. Commonwealth files motion for reciprocal |
| 09/07/2001 | 30 | discovery. McEvoy, J. - W. Freeman, ADA - R. Romanow, Court Reporter |
| 09/07/2001 | 30 | - R. Doyle, Attorney. |
| 09/07/2001 |  | Motion (P#21) allowed as endorsed.(Christine M. McEvoy, Justice) |
| 09/07/2001 |  | Motion (P#22) allowed as endorsed.(Christine M. McEvoy, Justice) |
| 09/07/2001 |  | Motion (P#24) allowed as endorsed. (Christine M. McEvoy, Justice) |
| 09/07/2001 |  | Motion (P#27) allowed as endorsed.(Christine M. McEvoy, Justice) |
| 09/14/2001 | 31 | Commonwealth files motion to dismiss count one of the indictment. |
| 09/14/2001 | 32 | Commonwealth files omnibus opposition to defendant's motion to dismiss. |
| 09/14/2001 | 33 | Commonwealth files opposition to defendant's motion to suppress. |
| 09/19/2001 |  | Motion (P#31) allowed (McEvoy, J.) - W. Freeman, ADA - D. McLean, |
| 09/19/2001 |  | Court Reporter - R. Doyle, Attorney. |
| 09/19/2001 |  | RE Offense 1:Dismissed |
| 10/02/2001 |  | Motion (P#24) allowed as endorsed. See record. (McEvoy, J.) |
| 10/02/2001 |  | Motion (P#25) allowed as endorsed. See record. (McEvoy, J.) |
| 10/02/2001 |  | Motion (P#30) allowed as endorsed. See record. (McEvoy, J.) |
| 10/02/2001 |  | ORDERED: All discovery be provided two weeks prior to the trial date |
| 10/02/2001 |  | in session. (McEvoy, J.) |
| 10/02/2001 |  | Motion (P#26) denied (McEvoy, J.) - W. Freeman, ADA - D. McLean, |
| 10/02/2001 |  | Court Reporter - R. Doyle, Attorney |
| 10/15/2001 |  | Defendant brought into court for motions hearing on this date. |
| 10/15/2001 |  | Motion by Deft to dismiss (Paper #s 16, 17, 18, 19) each taken under |
| 10/15/2001 |  | advisement after hearing. |
| 10/15/2001 |  | Motion by Deft to suppress statements and evidence (Paper #20) |
| 10/15/2001 |  | commenced. Graham,J-W.Freeman, ADA-W.Greenlaw, Court |
| 10/15/2001 |  | Reporter-R.Doyle, Attorney. |
| 10/16/2001 |  | Defendant brought into court for conclusion of motions hearing on |
| 10/16/2001 |  | this date. |
| 10/16/2001 |  | Motion by Deft to suppress taken under advisement after hearing. |
| 10/16/2001 |  | Graham,J-W.Freeman, ADA-K.Considine, Court Reporter- R.Doyle, |
| 10/16/2001 |  | Attorney. |
| 10/24/2001 | 34 | Commonwealth files Supplemental opposition to defendant's motion to |

| 10/24/2001 | 34 | suppress. |
| 10/30/2001 | 35 | ORDERED: Memorandum of decision and order on defendant's motion to |
| 10/30/2001 | 35 | suppress, filed. Graham, J. (W.Freeman, ADA and R.Doyle, Atty. |
| 10/30/2001 | 35 | notified w/copies) |
| 10/30/2001 | | Motion (P#17) denied as follows: "After review of transcript and |
| 10/30/2001 | | testimony at hearing all motions to dismiss (McCarthy, O'Dell, Salman |
| 10/30/2001 | | and Mass.Gen.L. Ch.90C, Sec.2) there was sufficient evidence |
| 10/30/2001 | | presented to the Grand Jury of the offenses charged in the |
| 10/30/2001 | | indictments and of the defendant as perpetrator. There was neither |
| 10/30/2001 | | misleading or false information presented to the Grand Jury |
| 10/30/2001 | | concerning the offenses charged in the indictment. Finally, there was |
| 10/30/2001 | | no violation of Mass. Gen.L. Ch.90C, Sec.2 since the defendant was |
| 10/30/2001 | | given a copy of the citation for the motor vehicle offenses at his |
| 10/30/2001 | | booking and the citation was filed in Court along with the |
| 10/30/2001 | | application for complaint within two days of the incident." Graham, |
| 10/30/2001 | | J. (W.Freeman, ADA and R.Doyle, Attorney notified) |
| 10/30/2001 | | Motion (P#19) denied as endorsed. |
| 10/30/2001 | | Motion (P#18) denied as endorsed. |
| 10/30/2001 | | Motion (P#29) denied as endorsed. |
| 10/30/2001 | | Motion (P#16) denied as endorsed. Graham,J. |
| 11/30/2001 | 36 | Deft files motion for reconsideration and affidavit |
| 11/30/2001 | | Motion (P#36) denied, without hearing. Graham, J. |
| 12/12/2001 | 37 | Motion for Withdrawal of appearance filed by Richard M Doyle with |
| 12/12/2001 | 37 | affidavit in support thereof. |
| 12/14/2001 | 38 | Notice of Entry received from the Supreme Judicial Court, Order: |
| 12/14/2001 | 38 | interlocutory appeal denied. |
| 01/16/2002 | | Brought into court. Motion (P#37) allowed as endorsed (Peter M |
| 01/16/2002 | | Lauriat, Justice) |
| 01/16/2002 | | Appointment of Counsel Mark W Shea pursuant to Rule 53. (notified |
| 01/16/2002 | | 1/25/02) Lauriat, J. - W. Freeman, ADA - K. Considine, Court Reporter |
| 01/16/2002 | | - R. Doyle, Attorney. |
| 03/14/2002 | | Defendant not in court After hearing Defendant's oral motion to file |
| 03/14/2002 | | motion to suppress late denied. |
| 03/14/2002 | | Continued until May 06, 2002 for Trial. Merrick, J - W. Freeman, ADA |
| 03/14/2002 | | - R. Romanow, Court Reporter - M. Shea, Attorney. (Case assigned to |
| 03/14/2002 | | the 2nd session, Room 8) |
| 04/10/2002 | 39 | Deft files motion to continue |
| 04/10/2002 | | Motion (P#39) is denied at this time. Spurlock J. |
| 04/10/2002 | 40 | Deft files motion for transcript of suppression hearing of 10/15/2001 |
| 04/10/2002 | | Motion (P#[40] is allowed. Spurlock J. (attested copy given to |
| 04/10/2002 | | counsel) Spurlock J. |

| | | |
|---|---|---|
| 04/23/2002 | 41 | Not in Court. The Court allowes deft to file second motion to |
| 04/23/2002 | 41 | suppress evidence (improper pursuit) without prejudice and subject to |
| 04/23/2002 | 41 | a further ruling by Graham, J. Case is returned to the IInd criminal |
| 04/23/2002 | 41 | session (Room 8) for status and trial (on 98-10798) Lauriat, J - W. |
| 04/23/2002 | 41 | Freeman, ADA - F. LaRioux, Court Reporter - J. LaRocque, Attorney |
| 06/18/2002 | | Court Spurlock, RAJ contacted Justice Graham. A copy of his Findings |
| 06/18/2002 | | paper #35 and a copy of defendant's second motion to suppress paper |
| 06/18/2002 | | #41 faxed to Justice Graham in Middlesex Court. (Spurlock, RAJ) |
| 07/19/2002 | | Defendant not in Court. Continued until July 30, 2002 at 2:00 p.m. |
| 07/19/2002 | | in Middlesex before Graham, J. Wilson, AC/M - W. Freeman, ADA - ERD |
| 07/19/2002 | | - M. Shea, Attorney (Habe issued 7/19/02) |
| 08/07/2002 | | Defendant brought into court in Middlesex Superior Court. |
| 08/07/2002 | 42 | Deft files second motion to suppress evidence (improper pursuit). |
| 08/07/2002 | | Motion (P#42) denied. Graham, J. (Parties notified 8/7/02) |
| 08/12/2002 | | Brought into Court - Hearing Re: oral motion of attorney Mark Shea to |
| 08/12/2002 | | withdraw - After hearing allowed only if defendant retains own |
| 08/12/2002 | | counsel. (See Record) Spurlock, RAJ - W. Freeman, ADA - N. King, |
| 08/12/2002 | | Court Reporter - M. Shea, Attorney. |
| 09/05/2002 | | Defendant brought into Court |
| 09/05/2002 | | Attorney Shea oral motion to withdraw is allowed. Spurlock J. - M. |
| 09/05/2002 | | Freeman ADA - N. King Court Reporter - M. Shea Attorney |
| 09/16/2002 | | Brought into Court. Hearing re: Counsel before the Court, Spurlock, |
| 09/16/2002 | | J.. After hearing, the Court appoints Attorney Thomas Giblin to |
| 09/16/2002 | | represent the defendant pursuant to Rule 53. |
| 09/16/2002 | | Appointment of Counsel Thomas J Giblin III. Spurlock, J. - W. |
| 09/16/2002 | | Freeman, ADA - N. King, Court Reporter - T. Giblin, Attorney |
| 01/15/2003 | | Defendant not present. Wilson, AC/M - W. Freeman, ADA - ERD |
| 02/03/2003 | | Defendant not present. Wilson, AC/M - W. Freeman, ADA - ERD - T. |
| 02/03/2003 | | Giblin, Attorney. |
| 02/10/2003 | | Defendant not present. |
| 02/10/2003 | 43 | Affidavit of J. LaRoche, filed. |
| 02/10/2003 | 44 | Affidavit of Patrick Shanley, filed. Lauriat, J. - W. Freeman, ADA - |
| 02/10/2003 | 44 | A. McDonald, Court Reporter - J. Laroche for M. Shea, ( P. Shanley ) |
| 02/10/2003 | 44 | Attorney. |
| 02/26/2003 | | Defendant not present. Walsh, AC/M - ERD - T. Giblin, Attorney. |
| 04/02/2003 | | Defendant not present. Wilson, AC/M - W. Freeman, ADA - ERD - T. |
| 04/02/2003 | | Giblin, Attorney |
| 05/21/2003 | | Defendant not present. Continued to week of 8/4/03 for Trial. Walsh, |
| 05/21/2003 | | Mag - W. Freeman, ADA - ERD - T. Giblin, Attorney. Case assigned to |
| 05/21/2003 | | the 4th Criminal Session Rm 10 (Notices Sent) |
| 09/23/2003 | | Defendant brought into court. |

| | | |
|---|---|---|
| 09/23/2003 | | Defendant offers toplead guilty to #002,#003, and #004, after hearing |
| 09/23/2003 | | court accepts plea. Defendant pleads guilty. |
| 09/23/2003 | 45 | Waiver of defendants' rights, filed. |
| 09/23/2003 | | Defendant warned per Chapter 278, Sec 29D of alien status |
| 09/23/2003 | | Commonwealth moves for sentencing. |
| 09/23/2003 | | As to #004 - M.C.I. Cedar Junction - Not More Than: (5) Five years |
| 09/23/2003 | | and (1) One day. (mitt issued) |
| 09/23/2003 | | RE Offense 2:Guilty plea |
| 09/23/2003 | | RE Offense 3:Guilty plea |
| 09/23/2003 | | RE Offense 4:Guilty plea |
| 09/23/2003 | | Sentence credit given as per 279:33A: (1169) days |
| 09/23/2003 | | Notified of right of appeal under Rule 64 |
| 09/23/2003 | | Victim-witness fee assessed: $90.00 imposed. |
| 09/23/2003 | | Drug fee assessed: $150.00 imposed. |
| 09/23/2003 | | Defendant warned of potential loss of license. Registry M/V notified. |
| 09/23/2003 | | RE Offense 2:Filed (guilty plea) . Defendant assenting thereto. |
| 09/23/2003 | | RE Offense 3:Filed (guilty plea) . Defendant assenting thereto. |
| 09/23/2003 | | Spurlock, RAJ. - W. Freeman, ADA - N. King, Court Reporter - T. |
| 09/23/2003 | | Giblin, Attorney. |
| 09/29/2003 | 46 | Notice of appeal from sentence to Cedar Junction MCI (Walpole) filed |
| 09/29/2003 | 46 | by James Heyward (DelVecchio, CJ, Spurlock, RAJ and S. Stillwell, CPO |
| 09/29/2003 | 46 | notified 10/14/03) |
| 10/22/2003 | | Victim-witness fee paid as assessed in the amount of $90.00. |
| 10/22/2003 | | Drug fee paid as assessed in the amount of $150.00. |
| 05/07/2004 | 47 | Order received from the Appellate Division that the judgment imposing |
| 05/07/2004 | 47 | said sentence stand and that said appeal be and is hereby dismissed. |
| 05/07/2004 | 47 | (Grabau, Graham & Quinlan, JJ). |

## Charges

4 Charges for Docket: SUCR2000-10814

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Refuse to give name, license, reg, fail to stop MV for police officer | | Filed (guilty pl |
| 2 | Traffic in controlled substance, 28-99g | | Guilty plea |
| 3 | Operate MV recklessly/negligently, endangerment | | Filed (guilty pl |
| 4 | Leave accident, personal injury without death | | Dismissed |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

## MASSACHUSETTS DEPARTMENT OF CORRECTION
## MCI CONCORD

### DISCIPLINARY REPORT

DATE: 01-23-02

INMATE: Heyward James     NO.: A25512   HOUSING UNIT: J3-29

OFFENSE(S): _____    D-REPORT NO.: _____

MINOR: _____    MAJOR: _____    REFERRED TO DISTRICT ATTORNEY: _____

REFERRED TO SPECIAL HEARING OFFICER: _____

### DESCRIPTION OF OFFENSE

On Wednesday 01-23-02 at approx. 9⁴⁵ pm While I C/o Coen was on duty in #J3, I was conducting a routine cell search, In cell #29 I found two sharp items, Weapons Wrapped in white bed sheet in the top of the window of cell #29. Inmate Heyward James #A25512 and Inmate Shaheed, Dameyyah #A30829 live in this Cell Area. Sgt Hanrahan and Lt Donahoe Were notified of the incident. Both Weapons Were turned over to IPS. C/o Godwin, E.O.R.

Days Off: Sun / Mon    Has inmate been placed on AA status?   Yes: ____   No: ✓

Reporting Officer (print): Michael Coen    Title: C/o I

Signature: Michael Coen    Date: 01-23-02   Time: 11⁵⁵ pm

Shift Commander Signature: ____    Date: 1/23/02   Time: 12³⁰

Disc. Officer's Signature: ____    Date: ____   Time: ____

Finding and Sanction: _____

Results of Appeal: _____

Reviewing Authority: _____   Date _____

**EXHIBIT**

D

# MASSACHUSETTS DEPARTMENT OF CORRECTION
## MCI CONCORD
## INCIDENT REPORT

| | | | | | | |
|---|---|---|---|---|---|---|
| Inmate's Name: | James Heward/Dameqqah Shahed | Commitment #: | A-25512/a-30829 | Housing Unit: | | J-1 |
| Time of Incident: | 9.30am | Date of Incident: | 1-24-02 | Place Occurred: | | J-1 |
| Code #: | 3,4,11 | Subject Content: | | Enemy situation,confrontation, contraband | | |

*Please write your report below in ink (or type) regarding the above mentioned incident, using an additional sheet if necessary.*

On January 23, 2002 Correction officer Michael Coren confiscated two homemade weapons in cell-29 unit J-3 which was occupied by inmates Dameqqah Shaheed A-30829 and James Heyward A-25512. Inmate Heyward was at court and was placed in J-1 segregation when he returned to the institution. Inmate Shaheed was placed in J-1 Segregation from the yard by Sgt. Ciccone and IPS officer Goodwin. Inmate Shaheed made statements to Sgt. Ciccone he bought the weapons for protection. Inmate Shaheed stated he has an enemy problem from the street. Inmate Shaheed would not identify either inmate involved in the incident.

On January 24, 2002 inmate Heyward was interviewed in regards to the weapons being found in his cell. Inmate Heyward stated he his going to court on his case and does not get involved in this type of behavior. Inmate Heyward said that he's either in court or the law library. Inmate Heyward was asked if inmate Shaheed had any problems? Inmate Heywood replied he doesn't get involved in any of inmates personal problems due to the number of snitches in the camp. Inmate Heyward stated if they were my shanks I would admit to them. Inmate Heyward was informed that both inmates are responsible for the contraband in their cells. Inmate Heyward was informed if inmate Shaheed did not verify his story both inmates would go through the disciplinary process. Inmate Heywood replied that is inmate Shaheeds problem.

On January 24, 2002 Inmate Shaheed was interviewed in regards to the weapons being found in his cell. Inmate Shaheed admitted to ownership of the homemade weapons. Inmate Shaheed stated his roommate had nothing to do about it. Inmate Shaheed was asked about his enemy situation. Inmate Shaheed refused to identify his enemy stating I don't snitch. Inmate Shaheed was informed both inmates housed in that cell are responsible for contraband found in their cell. Inmate Shaheed stated I don't have anything further to say" (I'll take care of it on the street.). Inmate Shaheed was asked did you tell your roommate about the incident. Inmate Shaheed told his roommate about what transpired. Inmate Shaheed and Heyward go through the disciplinary process for the weapons confiscated in their cell.

| | | | | | |
|---|---|---|---|---|---|
| Reporting Staff Member: | *Brendan Collins* | Shift: | Flex | Date: | 1-24-02 |
| | Lt. Brian Collins IPS | | | | |
| | *(Signature)* | | | | |
| Shift Commander: | *Capt [signature]* | Shift: | 7X3 | Date: | 1-24-02 |
| | *(Signature)* | | | | |
| Comments: | | | | | |

---

*Administrative Use Only*

Action Taken:

Department Head Assigned Follow-Up: _____    Tracking Num___

**EXHIBIT**
E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10325-RCL

JAMES G. HEYWARD,

    Plaintiff,

    v.

CONTE, *et al.*,

    Defendants.

### AFFIDAVIT OF JOHN MARSHALL

    I, John Marshall, do hereby depose and state:

    1.    I am employed by the Massachusetts Department of Corrections ("DOC") as the Assistant Deputy Commissioner for the Northern Sector. I have held this position since November 2000. Prior to becoming Assistant Deputy Commissioner, I was the Superintendent of Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts from September 1999 through November 2000. The following information is based upon my personal knowledge and is true and complete to the best of my knowledge.

    2.    In or about August 2004, Commissioner Kathleen Dennehy referred a letter from plaintiff James Heywood to my office for response. A true and accurate copy of the plaintiff's letter and the referral to my office are attached hereto as Exhibit 1.

    3.    Upon my receipt of the referral, I requested information concerning the plaintiff's claims that he had been wrongfully placed in segregation and wrongfully transferred to Souza Baranowski Correctional Center.


EXHIBIT
F

4.      I learned that he was initially placed in segregation so that an investigation could take place into the ownership of two weapons confiscated from his cell on January 23, 2002. During Mr. Heyward's placement in segregation, limited segregation space at MCI-Concord made it necessary for the plaintiff to be transferred to SBCC, where he was placed in segregation. Once the investigation had concluded and MCI-Concord staff determined that he would not be issued a disciplinary report, the plaintiff was released to general population at SBCC.

5.      I advised the plaintiff of this information by letter, a true and accurate copy of which is attached hereto as Exhibit 2.

6.      In my experience both as Assistant Deputy Commissioner and as a former Superintendent of SBCC, it was and is common for SBCC to provide segregation relief when requested by another institution.

7.      Moreover, in my experience both as Assistant Deputy Commissioner and as former Superintendent of SBCC, it was common for the Department to house pre-trial inmates at both Old Colony Correctional Center ("OCCC") in Bridgewater, Massachusetts and at SBCC, due to the limited bed space available at MCI-Concord. MCI-Concord, was and is the State's designated Reception and Diagnostic Center, and receives new inmates on a regular basis, including, but not limited to, new commitments from the courts; parole violators; probation surrenders; failures in other institutional settings (ie; returns to higher security); and County Jail inmates with prior State commitments, like the plaintiff. With the regular influx of inmates and pre-trial detainees, there were many times when bed space at MCI-Concord was limited or unavailable. In my experience, therefore, it was not unusual for a pre-trial detainee who

2

was administratively transferred to either OCCC or SBCC from MCI-Concord to remain there as an administrative convenience, rather than trying to find bed space for that inmate at MCI-Concord and return him there. Indeed, between March 2002 through September 2003, the dates I am advised Mr. Heywood was housed in general population at SBCC, approximately seventy-two (72) pretrial detainees were transferred to SBCC.

8.      Based upon my investigation into Mr. Heywood's transfer to SBCC, I concluded it was done for administrative convenience due to MCI-Concord's need for segregation relief. Moreover, his continued stay there appears to likewise be for administrative convenience due to the limited space at MCI-Concord. I found no evidence that he was issued a disciplinary report for the weapons discovered in his cell, or that his placement at SBCC was done as the result of a disciplinary sanction.

Signed under the pains and penalties of perjury this 23rd day of June 2005.

John Marshall
Associate Deputy Commissioner

3



**Kathleen M. Dennehy**
*Commissioner*

**The Commonwealth of Massachusetts**
**Department of Correction**
50 Maple Street, Suite 3
Milford, Massachusetts 01757
Phone (508) 422-3300
Fax (508) 422-3385

Log# C04-5394

**To:**   ADC John Marshall

**From:**   **Kathleen M. Dennehy, Commissioner**

**Date:**   August 25, 2004

RECEIVED

AUG 30 2004

Assistant Deputy Commissioner
Northern Sector

☐   PREPARE RESPONSE FOR COMMISSIONER'S SIGNATURE.
      RETURN SLIP WITH RESPONSE AND LETTER.

☐   PREPARE RESPONSE FOR SECRETARY FLYNN'S SIGNATURE.
      RETURN SLIP WITH RESPONSE AND LETTER.

☐   PREPARE RESPONSE FOR UNDERSECRETARY BRADLEY'S SIGNATURE.
      RETURN SLIP WITH RESPONSE AND LETTER

☒   PLEASE REPLY TO SENDER THAT THE COMMISSIONER HAS REFERRED
      CORRESPONDENCE TO YOU. RETURN SLIP WITH RESPONSE AND LETTER

☐   FOR YOUR INFORMATION/FOR YOUR FILES

☐   FOR APPROPRIATE ACTION

☐   REVIEW AND ADVISE

**Comments:**

Please Return By:   September 12, 2004

**EXHIBIT**

F-1

CO45394



To: Commissioner Kathleen M. Dennehy
    Department of Correction
    Commissioner's Office
    50 Maple Street, Suite 3
    Milford, Massachusetts 01757-3698

Re: <u>Due Process being violated by MCI- Concord Officials.</u>

Commissioner Dennehy,

       I, James G. Heyward, W82441, am writing to you, to
bring to your attention, of the violations of my Due Process
Rights, while I was being held at MCI-Concord, as an Pretrial De-
tainee.

       I have previously filed an Grievance, along with an
Appeal, 02-152, which both have been denied.

       My basic issues (due process), were clearly violated
by the MCI-Concord Administration Officials' lawless conduct and
abuse of their discretionary authority. By not having me recieve,
an D-Report, or by allowing me to present my side of events.By
sending me to Higher Security, when infact I had done no wrong.
Though my cellmate had plead guilty, recieved an D-Report,had be-
en seen by the D-Officer and had been sanctioned, classed to the
Souza-Baranoswki Correctional Ctr. (SBCC). as an punishment for
his violation. Which one could see clearly why he was sent to
S.B.C.C.

       When I did not recieve an D-Report, I should have
been placed back to my status, not left in Dept.9, and sent to
S.B.C.C. By sending me to S.B.C.C., it was punishment. No other
reason, I should not have had to lose my canteen items, nor spend
time in MCI-Concords' Dept.9 or be placed in S.B.C.C.s' Dept.9.
And then have to stay at an Super Maximum Security for apprx. 18
months.

MCI-Concords' Prison Officials acts were deliberate indifference, intentional.

I had an Due Process Right to an proper hearing, before I was deprived of liberty interest on basis of misbavior report.

I am writing to you to say that I am planning on bringing an lawsuit, so that I may seek justice in my behalf. Because one can see that the Department of Corrections, (D.O.C.) does not care about violating one's rights, nor does D.O.C.s' Administration seek to discipline it's subordinates.

Thank you for your time in this matter, looking forward to hearing from you. Hopefully we can avoid going to court with this.

Respectfully,

James G. Heyward (W62441)
MCI-Norfolk
P.O. Box 43
Norfolk, MA. 02056-0043





*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Northern Sector*
*P. O. Box 9125*
*Concord, MA 01742-9125*
*(978) 405-6600*
*Fax:*
*(978) 405-6619*

**Mitt Romney**
*Governor*
**Kerry Healey**
*Lieutenant Governor*
**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*
**James R. Bender**
*Acting Deputy Commissioner*
**John Marshall, Jr.**
*Assistant Deputy Commissioner*

Mr. James Heywood (W82441)
MCI-Norfolk
2 Clark Street, P.O. Box 43
Norfolk, MA. 02056

Dear Mr. Heywood,

Please be advised that your correspondence to Commissioner Dennehy dated August 4, 2004, regarding an alleged violation of due process has been forwarded to my office for response.

I have reviewed you letter, it is of significance that the issue you write about occurred on January 24, 2001. As you note in your letter, your grievance and appeal filed in this matter have been reviewed and denied. In an effort to put some closure to this matter, I offer you the following.

On January 23, 2002, two weapons were confiscated from your assigned cell. You were at court and placed in Segregation upon your return to the facility so that an investigation could take place. Due to the limited Segregation space at MCI-Concord, segregation relief is requested on an as needed basis. This was the reason for your transfer to Souza Baranowski Correctional Center. Although, you ultimately did not receive a disciplinary report your status could not be determined prior to the completion of your investigation.

If you have further questions please feel free to contact Superintendent Pepe at MCI Concord.

Sincerely,

John Marshall, Jr.
Assistant Deputy Commissioner

cc:    Kathleen M. Dennehy, Commissioner
       Peter A. Pepe, Jr., Superintendent, MCI-Concord
       Luis Spencer, Superintendent – MCI-Norfolk
       Inmate File
       File

**EXHIBIT**

F-2

RECEIVED
APR 5 2002
ATTACHMENT "A"

P2-20

DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM
FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

SECTION "A"

NAME: James G. Heyward    INSTITUTION: S.B.C.C.

NUMBER: A25512    HOUSING UNIT: P2-20    DATE OF INCIDENT: 01/23/02    01/29/02

COMPLAINT:    See Attached

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY
REQUESTED:    See Attached

INMATE SIGNATURE: James G Heyward    DATE: 04/03/02

STAFF RECIPIENT: _____    DATE: _____

DATE RECEIVED: _____

SECTION "B"

ASSIGNED GRIEVANCE NUMBER: 02-0152

DECISION RENDERED:    ____ APPROVED
                      __ DENIED

SUMMARY OF FINDINGS: Be advised you are being held here in accordance
with MGL 3460 52 A... No change in Status, records
and location is both timing... Application need to be
Ordered thru property & written Cns..
Be advised prior state time is your issues.

IGC SIGNATURE: B Pillsbury    DATE: 12-APR-02
(DENIED GRIEVANCES MAY BE APPEALED TO THE SUPERINTENDENT WITH 10 DAYS OF IGC'S DECISION.)

SECTION "C"

INMATE GRIEVANCE RECEIPT

INMATE NAME: Heyward, James A25512    INSTITUTION: SBCC

NUMBER: 02-0152    DATE RECEIVED: 15-APR-02

SIGNATURE (IGC): B Pillsbury    TITLE: CO II IBCC

01/05/01

EXHIBIT
G

d035

04/03/02

I, James C. Heyward, A25512, an Pre-Trial Detainee (52A) on Nashua St. Jail status file this grievance on the following issue(s):

1. Being sent here unjustly to S.B.C.C. on Super Max. Security (higher level of Security level 6), while being an Pre Trial Detainee (one who has not been convicted, one who is innocent until proven guilty)

2. Being sent here from MCI Concord wrongfully as punishment for Disciplinary Sanction when infact, I have not received a D-Report nor been seen by the D-Officer here or at MCI Concord, to justify, me being transferred here.

3. For me being put in Dept. 9, at MCI Concord and then being placed in SMU here at SBCC Causing me to lose my canteen, and other personal belongings, contact with family, lawyers in my being transferred.

4. Being here at SBCC, I am on Nashua St. bil (NSJ) status, I should be provided an TV Radio and headphones just as NSJ does. I should not be expected to have to purchase these items or have to go w/out. Because my lenght of stay is unKnown.

5. I am being punished and forced to be in an

①

cell w/out TV, radio and headphone and to listen to others enjoying this privilege when I have done nothing wrong to have to do with out.

6. Being, that I did not receive any ticket I should have been taken out of Dept 9 and placed back in population back to the status I previously had. With my folder/status corrected but this was not done. Not sent here. One can only see that being sent here was punishment, but for what. Yes there are other '52 A's here at SBCC, but they were sent because of disciplinary reasons (fight etc.) They have tickets. I do not. Being sent here just as the convicted prisoners who have gotten into trouble at whatever camp they were previously at to justify their being here.

## Facts

1. While at MCI Concord on Jan 23,02 that morning I was told I had court, so after breakfast I went and picked up my canteen, than went to holding then to Suffolk Superior Court with Transportation.

2. On my return from court during strip search

②

the Co informed me I was going to Dept 9,
I said, "Stop playing." Co states, "For real, while
you were gone your cell was shaken down and
they found contraband.

3. I was brought to Dept 9 during bringing me
in an Co, states, "You shouldn't be in here. Your
cellie admitted that the contraband was his
and that you didn't know he had it." Hope-
fully they let you go tomorrow.

4. On the next day Jan 24,02, I'm brought to
court, on my return to MCI Concord, I'm
put back in Dept 9.

5. On Jan 25,02, Supt Conte and Deputy Supt.
are making rounds in the Dept 9. I ask
each one, "Why I'm in here?" both state,
"You know why." I state, "I don't know
what's happening, no one has spoken to me.
Both leave.

6. On Jan 26,02, I still had not seen the D-
Officer or been given an D-ticket. My
cellie is in the hole also. He informs me that
he has just seen the D-Officer and the D-Officer
told him that he was on his way to speak to me
And that the D-Officer had ripped up my D-ticket
He had admitted that the contraband was his
that I had no knowledge of his doings. And

③

☒038

that he already got his sanctions. I had spoken to him thru my cell window, while he was in the fenced outside yard. Cellie said, "D-Officer came, just now outside to speak to him." I told my cellie, I still haven't seen the D-Officer so this matter could be straightened out. When I went to the cell door, the D-Officer had walked out the Block.

7. Then the IPS Sgt came to my cell door and brought me downstairs to be interviewed by IPS Lt, Sgt. Both questioned me. I told them, "I knew nothing of any contraband" they stated, "We believe you told your cellie to say it's his." I told them, "Your crazy, I wasn't even here I was in Court." "Your mad because he admitted to that being his from the onset." "I know nothing." They ask me, "If he has any enemines or problems?" I stated, "I don't talk to him like that nor do I be watching him." "You need to be asking him that. I have enough problems fighting my own cases now. IPS state, OK you can go.

8. That Jan 28, 02, I went to court again, was put back into Dept. 9 on my Return.

9. On Tuesday Jan 29, 02, morning I spoke to an CO and asked, "Why am I still here, I

④

039

haven't received an ticket nor have I spoken to the U-Officer. Co states "I don't know, but hold on a minute when I go downstairs I'll check -N- ask. Co comes back up and tells me that I'm being transferred to S.B.C.C. so pack up.

10 My transportation came to pick me, with others brought us to property to sort thru my property. (because my cellie + my stuff was mixed together) I had also gone to canteen on Jan 23, I had to give over $75 worth of food away because one is not allowed to bring canteen with them. Which is not right considering I have not done anything wrong.

11 On being brought to SBCC, my cellie, myself are separated from the others and given outfits for SMU (Hole). I immediately state "What am I going to the hole for. I don't even have an ticket, I shouldn't even be here." I was finally placed in an SMU cell.

12 From 01/29/02 - 02/01/02 each day I stated that I wasn't suppose to be in the hole nor here on Camp. No one listrened, better yet cared, what I was saying. Everyone

⑤

states "You had to have done something or you wouldn't be here.

13. I speak to a guy that is walking around in civies and tell him my problem. The next day he comes back saying he called Concord. You don't have any ticket, I'll put you on the bail list. I say, "Bail list I ain't suppose to be in the hole. Why I got to wait. He walks off.

14. Then on 01/31/02, I speak to an Lt. for the 3rd time, he states, "he's getting tired of me. You know the IPs Lt. at Concord, I'm going to call him to see if your right about not having a ticket. I say, "Go ahead."

15. That next day 02/01/02 Lt comes down to make rounds, walks pass my cell, I bang on the door to get his attention, he walks back to me. I say, "Did you make that call?" He states, Yes and your right you don't have a ticket. I'm going to put you on the bail list. I then look up and say to myself here we go again.

16. Finally after continually nagging the Co I'm brought to Orientation Unit 02/01/02.

17. On Feb 28, 02 I was moved to P2 unit. Since being placed in this unit I have

⑥

spoken to the Unit Sgt, Unit Team Manager and the Superintendent Ficco pertaining to me being given loaner TV, radio and headphones for my use during my stay here. Being that I am a 52 A Pretrial Detainee (Nashua St. Jail) Status. Being w/out is punishment especially when I have not done anything to justify being sent here. Nashua St. Jail supplies detainees with there items so I should be supplied the same. To be brought up to Nashua St. Jail status. All have stated ① we don't loan these items out any more ② I only give them to my workers ③ we don't supply 52 A's w/ TV's.

## Remedy Requested

1. To be put back to my correct status;
2. For my folder (records) to be corrected;
3. To be sent back to Nashua St. Jail; or
4. To supply me with TV, Radio and Headphones,
5. For someone to check and see that an mistake has been made on DOC's part; that I never did receive an O-ticket, shouldn't be here

(7)

Being here, I am unable to have an more
direct contact with my lawyer and family
being so far away. I still have an pending
case and need to be able to discuss my
defenses, evidence with counsel more freely.
    I am here under Nashua St. Jail 52 A status
but I am not allowed to have an TV nor
Radio like everyone else. This in itself is
clearly punishment for being an 52A. If I
was at Nashua St. Jail, these items, plus being
closer to lawyer, family would be given to me.
    Why should "any" 52A have to be here and not
be allowed the same priviledges one would
have at Nashua St, Should not have to purchase
these items nor be expected too.
    Are we as 52As suppose to sit in cells as if
we are in the hole, while others are enjoying
themselves, to keep up with the outside world,
Let's remember an 52A is a person that is
one that cannot make his bail more importantly
one that is still innocent until proven guilty of
an crime, so why is he being treated so unjust.
    More importantly, MCI Concord should have
put me back in population (corrected their mistakes)
when my cellie admitted to the contraband being
his (I should not have been punished or sub-

⑧

jected to this nonsense because of his act-
ions for which I'm still paying for as each
day passes by. My being sent here is now
on my record and that is not good for me
later. If I do get convicted when it comes
to me getting classed.

I strongly feel that I have been
kidnapped, but one thing is clear
my rights have and are being violated.
I take this time to file this grievance
to bring to your attention of the unjust
that I am being forced to carry. I
strongly ask of you to help ease
better yet correct these issues, rather
than me having to start forwarding
letters out to request help in my troubles

Thank you for your time and patience
in reading my grief.

Respectfully                    We 52A's are also
                                unable to purchase clothes
James Heyward A25512    we are suppose to file
James G. Heyward           for State Clothes. So
   P2-20                         the State should provide
          04/03/02              us with TVs, Radios and
                                Head phones

⑨

Attached letters
to Unit Team Manager,
Superintendent Ficco
Property Officer

Dear Unit Team Manager for P2-Unit;          Feb.28,02

I, James G. Hayward, A25512, have just been moved to P2 Unit cell 20.

I am on 52A Status, sent here from MCI Concord. I would like to point out that I never recieved an D-Report nor seen the D-Officer, here or at MCI Concord. To justify my transfer.

I am asking you if you can arrange for me to be given an loaner T.V., head set and possibly an radio, during my stay here at S.B.C.C.

Thank you for taking the time to read my request in this matter.

Respectfully,

James Hayward

Dear Superintendent,                          03/10/02

  I, James G. Heyward, A25512,
am presently on 52A Status, in P2-20.
  I was sent here from MCI
Concord. I should never had been sent here. I
Say this because I never received an D-ticket
Nor saw the D-officer, before being sent here,
to justify me being transferred here.
  But now that I am here
on 52A Status, I would like to, if you could
provide me with an loaner TV. headphones
and maybe radio.

  Thankyou for your time. Sorry
there's one more question. Are we (inmates + detainees)
not allowed to check our property (when property
officer brings it to us) first to verifty that its
all there, before we sign Inventory List. This
way we can see that all property is present.
I say this because on 2 occassions (me personally)
property officers "have tried to make me signed"
for my property without letting me check the
bag first. And this is not the proper proced-
ure for giving out property to inmates

      James Heyward

To: Property Officer

From: James G. Heyward A25512 - L2.42

Dear Property Officer,

You have just returned to me, my Inmate clothing list that I had filled out to request to purchase addictional clothing. Your reason for doing so is, "52-A's can not order Canteen Clothes." quote.

So my question is, "How am I (52-A) suppose to obtain any new clothing, that I (52-A) may need?

Is S.B.CC going to supply me with socks, T-shirts, Boxers, thermal top+Bottoms Sneakers, shorts? If not, how do I go about obtaining these items?

Thank you for your time, patience in this matter.

Respectfully

James Heyward
02/12/02

SUBMIT A STATE ISSUE FORM
For sock, T-shirts, underwear.

Scot Brown

I submitted an State issue form while in Orientation thru caseworker never received an answer to this day. 04/03/02



Re: Hygiene Supplies

RECEIVED
MAR 17 2002

To Superintendent Ficco,

I James G. Heyward, am writing to you concerning the issuance of hygiene items to inmates here at S.B.C.C.

I have requested on numerous occassions for an bar of state soap.

On these occassions I was always denied an bar of state soap whether it was when I first arrived at S.B.C.C in the SMU or while I was in L2 unit Orientation and most recently here in P2 unit.

The responses I have been given are ① We don't pass state soap out, just toilet paper. ② Only if your indigent you can be given state soap ③ We don't pass out Care bags here at S.B.C.C.

Please advise me how may I obtain State Soap and what is the true policy that S.B.C.C. follows does

EXHIBIT
H



pass out state soap along with
the one roll of toilet paper per
week.

Sincerely
James Heyward A25572
James G. Heyward
P2-20



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Souza-Baranowski Correctional Center*
*P.O. Box 8000*
*Shirley, Massachusetts 01464*

**Argeo Paul Cellucci**
Governor

**Jane Swift**
Lieutenant Governor

**Jane Perlov**
Secretary

**Michael T. Maloney**
Commissioner

**Kathleen M. Dennehy**
Deputy Commissioner

**Edward Ficco**
Superintendent

---

**TO:**     James Heyward, A25512

**FROM:**   Toni L. Lancaster-Jenkins, Unit Manager

**RE:**     Soap/Request for Toiletries

**DATE:**   March 26, 2002

---

Your letter to Superintendent Ficco regarding soap/toiletries was referred to me for reply.

Please be advised if you ask the Unit Sergeant for a bar a soap he would gladly provide you with a bar. Unit Sgt. Stubbert has informed me that he has told you he would give you a bar on Fridays when he distributes toilet paper.

As for toiletries, they are handed out monthly to those individuals who are indigent. An indigent inmate is defined as one who has not had more than $10.00 in his account for the past 60 days. You may complete an Request for Toiletries Form and forward the paperwork to the Treasurer's Department to determine whether you meet the criteria.

I feel confident that this addresses your issues and consider the matter closed.

**CC:**     Superintendent Ficco
            File

Tel: (978) 514-6500





*The Commonwealth of Massachusetts*
*Souza-Baranowski Correctional Center*
*P.O. Box 8000*
*Shirley, Massachusetts 01464*

**Grievance**

*Edward Ficco*
*Superintendent*

TO: Heywood, James A25512

FROM: Betty Pillsbury, CO I IGC

DATE: 30-Apr-02

RE: **Improperly filed grievance appeal**

---

☑ Improper Format. You have three (3) working days to submit. All grievance appeals must be accompanied by the original completed grievance.

☐ Your grievance is not of an emergency matter. Please resubmit and eliminate the use of "EMERGENCY".

☐ Missing signature.

☐ As of **(date)** I am extending the length of time of your grievance **(number)** for an additional 10 days to further research the matter.



In accordance with 103 CMR 491 you have three working days to return an improperly filed grievance to our office. Failure to respond within the time frames may result in termination of your grievance.

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

ATTACHM[ ]

**RECEIVED**
APR 18 2002

DEPARTMENT OF CORRECTION
INSTITUTION APPEAL FORM
FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

SECTION A

NAME: James G Heyward    INSTITUTION: SBCC

NUMBER: A25512    HOUSING UNIT: P2-20    DATE OF INCIDENT:

APPEAL:

**RECEIVED**
MAY 0 3 2002
SOUZA-BARANOWSKI
CORRECTIONAL CENTER

See Attached

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY
REQUESTED: As requested in grievance, an enclosed
appeal.

INMATE SIGNATURE: James G Heyward    DATE: 04/17/02

STAFF RECIPIENT:    DATE:

DATE RECEIVED:

SECTION B

ASSIGNED GRIEVANCE NUMBER: 02-0152

ASSIGNED INSTITUTION APPEAL NUMBER:

DECISION RENDERED:    ✓ APPROVED    DENIED

SUMMARY OF FINDINGS: Inmates Placement at SBCC
to comply with MGL 2 The 58A

SUPERINTENDENT'S
SIGNATURE:    DATE: 6-7-02

SECTION C

INMATE APPEAL RECEIPT

INMATE NAME: James Heyward A25512    INSTITUTION: SBCC

NUMBER: 02-0152A    DATE RECEIVED: 5-3-02

RECEIPTING STAFF: L McCullough    TITLE: Clerk IV

01/05/01    491 - 14

# # 02-0152    Appeal

I, James G Heyward, A25512, am submitting my appeal, to my Grievance (which was denied), because of the following issues:

1. I GC Pillsbury has stated that I was being held here (because of me being an 52A) in accordance with MGL 256c 52A. I have gone to the law library to look up this rule. IGC has quoted an MGL that is not listed.

2. I believe the MGL A276 & 52A is the proper cite the IGC meant. (see Exhibit A)

3. I am here because MCI Concord sent me here as punishment plain + simple. Not because I am an just 52A. I was in the Dept. 9 at MCI Concord. I did not receive an D-Report nor was I seen by the D-Board Officer to justify sending me to SBCC.

4. (see Exhibit B) Notice Pursuant to 103 CMR 423 Special Management it clearly states ... X is placed in administrative segregation following a disciplinary hearing. Also states date put in Dept 9, 1/23/02 and has the date I arrived here 1/29/02. Again clearly shows I was sent here as punishment for receiving a D-Report not sent here as you quote because I'm an 52A. This paperwork contradicts what your claiming. Especially when the Lt here calls MCI Concord and

is told I do not have a ticket.

5 My cellmate at MCI Concord received an D-Report and Sanctions, admitted the contraband was his. I was at Suffolk Superior Court.

6 When the facts came out that I was not involved in the problem, I should have been taken outta MCI Concord's Dept. 9, put back in Pop with all my property/canteen returned to my status I had, not sent to SBCC Super Max. Sec.

7 To further point out that I was sent here as punishment, on my arrival here with other inmates from Dept. 9, just my cellmate and I were placed in SMU. Why, because we were thought to have tickets. (Other inmates + 52As sent to L-2 unit.

8 While in SMU, when I complained that I should not be in smu, Lt. called MCI Concord and spoke to IPS Lt. who stated, No he does not have an ticket. (So why wasn't I placed back in Pop at MCI Concord) I was then taken outta SMU (Placed L-2)

9 How come the Lt. in SMU could not vertify I didn't belong in SMU here at SBCC? Why did he have to call MCI Concord?

10 It is true that 52As are here, but the key point that your refusing to acknowledge is they have picked up numerous (violated) tickets at other facilities to be sent to an higher security,

for fights, riots, drugs, but they have tickets and sanctions.

11) I have neither, I stand strong in saying I should not be here, I have been kidnapped and taken hostage, being punished each day.

12) Again I state that I am being punished by having to be in a cell and do without as if I am in SMU/Dept 9 unjustly.

13) I am being punished further by being told that I have to purchase a Radio, TV and Headphones being that I am an 524 I should be put on the same status as an 524 that is being housed at Nashua St. Jail.

14) If you are as Pretrial detainee and are unable to afford bail to free one self, one should not be expected to make these purchases for appliances, when Nashua St. Jail supplies Pretrial detainee with them. Especially being that an Pretrial detainee does not know when he may up an leave at any given moment.

15) Your stating that because I have prior state time, that's why I'm here. I ask that my grievance be re read, it states how I got here and why (exhibit B).

16) If it was as you have stated, then why was I at MCI Concord since July 2000. Not until this mixup do I get moved.

17 | Being that I am 52A I should be provided with the appliances (quite surely SBCC has all these items they could provide).

18 | Being here will also hurt my status if I was to be found guilty, when it comes to being classified, because the class Board will see that I have been housed at SBCC. They are not going to (over look) care that I did not have any ticket (take my word) all they see is your an 52A and already your housed at Sper MAX.

19 | I am hoping that after your reviewing of my Grievance and Appeal, you will see the clear mistake that has been made, and will be willing to correct this injustice that I am being subjected to, it is within your power.

20 | I am still requesting the remedies I have previously asked for in my Grievance.

21 | Being that I have served my prior state time, holding me behind the wall now is punishment in it self.

Thank your for your time

James Heyward  A25572
P2-20

Exhibit
A

# *PREMISE*

Requestor: **AWOOD**
Client Identifier: **None**
Project Name: **untitled**
Date of Request: 04/16/2002 07:22 PM
The Current Book is MA-STAT-AN

Your Query:

PRE- TRIAL DETAINEE

MGLA 276 § 52A, Removal of accused person to another county or to a correctional institution; return; proceedings; costs

**\*79321 M.G.L.A. 276 § 52A**

MASSACHUSETTS GENERAL LAWS
ANNOTATED
PART IV. CRIMES, PUNISHMENTS
AND PROCEEDINGS IN CRIMINAL
CASES
TITLE II. PROCEEDINGS IN
CRIMINAL CASES
CHAPTER 276. SEARCH
WARRANTS, REWARDS, FUGITIVES
FROM JUSTICE, ARREST,
EXAMINATION, COMMITMENT
AND BAIL. PROBATION OFFICERS
AND BOARD OF PROBATION
ARREST, EXAMINATION,
COMMITMENT AND BAIL

*Current through c. 122 of the 2001 First Annual
Session of the General Court*

§ 52A. Removal of accused person to another
county or to a correctional institution;
return; proceedings; costs

Persons held in jail for **trial** may, with the
approval of the district attorney, and shall, by
order of a justice of the superior court, be removed
by the commissioner of correction to a jail in
another county, and said commissioner shall, at
the request of the district attorney, cause them to
be returned to the jail whence they were removed.
In addition, such persons, if they have been
previously incarcerated in a correctional institution
of the commonwealth under sentence for a felony,
may, with the approval of the district attorney, be
removed by the commissioner of correction to a
correctional institution of the commonwealth, and
said commissioner shall, at the request of the
district attorney, cause them to be returned to the
jail where they were awaiting **trial**. The
proceedings for such removals shall be the same
as for the removal of prisoners from one jail or
house of correction to another. The cost of
support of a person so removed and of the
removals shall be paid by the county whence he is
originally removed.

CREDIT(S)

1994 Main Volume

*Added by St.1943, c. 131. Amended by St.1971, c. 592, § 1;
St.1973, c. 514.*

<General Materials (GM) - References,
Annotations, or Tables>

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

1994 Main Volume

St.1943, c. 131, was approved March 31, 1943.

St.1971, c. 592, § 1, approved Aug. 2, 1971, inserted the
second sentence, in the third sentence, substituted
"removals" for "removal", and in the fourth sentence,
substituted "the removals" for "both removals".

St.1973, c. 514, approved July 6, 1973, in the first sentence,
inserted ", and shall, by order of a justice of the superior
court,".

REFERENCES

**\*79322 LIBRARY REFERENCES**

1994 Main Volume

Criminal Law ⬤═242(1).
WESTLAW Topic No. 110.

ANNOTATIONS

NOTES OF DECISIONS

In general 1
Return of accused 2

1. In general

Federal district court, which determined that quality of
incarceration at jail used by county denied due process, had
authority, for purposes of accomplishing single cell
occupancy, to order Massachusetts Commissioner of
Corrections, who had statewide transfer powers and authority
to establish minimum standards for care and custody of
county inmates, to transfer women confined in such jail and
to transfer male **detainees** with state felony records,
notwithstanding contention that Commissioner could not be
ordered to make such transfers without showing of

Copyright (c) West Group 2002 No claim to original U.S. Govt. works

MGLA 276 § 52A, Removal of accused person to another county or to a correctional institution; return; proceedings; costs

Page 2

unconstitutional conduct on his part. Inmates of Suffolk County Jail v. Eisenstadt, C.A.1 (Mass.)1974, 494 F.2d 1196, certiorari denied 95 S.Ct. 239, 419 U.S. 977, 42 L.Ed.2d 189.

2. Return of accused

Commissioner of Correction was not authorized to hold defendants who had escaped from treatment center for sexually dangerous persons at State correctional facility as pretrial **detainees** pending resolution of escape indictments; defendants had to be confined at treatment center until such time as they were found to be no longer sexually dangerous by court. Commissioner of Correction v. McCabe (1991) 576 N.E.2d 654, 410 Mass. 847.

Copyright (c) West Group 2002 No claim to original U.S. Govt. works

Exhibit
B

**MCI CONCORD**

**NOTICE PURSUANT TO**
**103 CMR 423 - SPECIAL MANAGEMENT**

JI-25

Attention:  *Heyward, James*  #  A25312
            Inmate's Name

Placement Date:  *1/23/02*

Review:  ___ 72 hour    X 7 day    30 day

Reason for assignment to Special Management Unit:

_____ Is awaiting a hearing for a violation of institution rules or regulations.

_____ Is awaiting an investigation of a serious violation of institution rules or regulations.

_____ Is pending investigation for disciplinary offenses or criminal acts that may have occurred while incarcerated.

_____ Requests admission to administrative segregation for his own protection or staff determines that placement in or continuation of such status is necessary for the inmate's own protection and that no reasonable alternatives are available.

_____ Is pending transfer.

_____ Is pending classification.

X Is placed in administrative segregation following a disciplinary hearing.

Reviewed by: _____    Date: *1/29/02*
            Deputy Superintendent of Classification

June 1998                                    103 CMR 423 - Procedural Attachment C

*1/29/02 ⋮ TO SBCC From MCI-C → Manuf a weapon —*
*Refl*



*The Commonwealth of Massachusetts*
*Souza-Baranowski Correctional Center*
*P.O. Box 8000*
*Shirley, Massachusetts 01464*

Edward Ficco
Superintendent

**My react date: 6/10/02**

**Superintendent's due date:    6/18/02**

TO:          Superintendent Ficco

FROM:        Betty Pillsbury, CO1/IGC

DATE:        8-May-02

RE:          **Grievance Appeal: 02-0152-A**

*Appeal*
*Due from inmate 4/29/02*
*Rec'd : 5/3/02*

The original grievance of Inmate **Heyward, James    A25512** was denied. The basis for this complaint is that he is being held here as a 52-A and he feels is was due to a disciplinary action at MCI-C. He is 52-A and has a previous state bid that is the mechanism that is holding him here. He is requesting to be returned to Nashua Street Jail, have a change is status, have is folder corrected, be given appliances and check on the mistake about the D-Report because he should not be here.

It was explained to the inmate that he is being held here under MGL 276 s 52A and due to his previous state incarceration not his disciplinary action. No mistake has been made.

He additional complains about his loss of canteen on transport which is standard DOC Policy, his inability to purchase canteen clothing items which he was instructed to submit a state issue form and not being able to verify his property items prior to receiving them which he is afforded the time to review but not complete a one for one verification.

According to CMR 403, 52-A are transient and policy does not permit appliances but practice @ SBCC is to allow them to purchase appliances on a one to one basis and a waiver form is required to be signed.

In his appeal his arguments are the same but including a statement that he has been kidnaped and taken hostage and punished each day.

•   According to the inmate he gave up his canteen while in Property @ MCI-C to another inmate @ the direction of staff.   *⋆ No accountability to STATE Issue*

•   Inmate was given a radio.

Recommendation: deny   *Verify*
•   *Canteen Clothing 52-A can be purchased   ( ○ Yes.)*

•   *See: Rebbecca   See⋮ what inmate owns*
       *Waiver —             make sure he has minimum*

EXHIBIT
K

Supt. Ficco                                        June 5, 02



Re: loaner TV

Supt. Ficco,
         I, James G. Heyward, A25572, am
here as an 52 A status, but under false
claims disciple as we both have seen
that MCI Concord as pushed onto you.
         As I have been requesting since
I have been here and discussed with
you during Happy Hour, I would like
to, if you could provide me with an
loaner TV.
         And I still to this day have
not recieved my property or any word
from Deputy Supt Russo about expunging
this action of sending me here under
false pretense/violation of my due
process from my record.


Respectfully
James Heyward A25572

P2-20



EXHIBIT

L

 *The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.magnet.state.ma.us/doc* 

Jane Swift
*Governor*

James P. Jajuga
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

James Heyward, A25512
SBCC
P.O. Box 8000
Shirley, MA 01464

July 25, 2002

Dear Mr. Heyward:

In accordance with 103 CMR 491, Inmate Grievance Policy, the Department Grievance
Coordinator reviews all grievance appeals denied at the Superintendent's level. As a result of the
aforementioned requirement, I have reviewed your grievance (#02-152) and appeal, relative to
your placement at SBCC.

Please be advised that after a thorough review of the above-mentioned grievance and appeal, I
support the Superintendent's decision to deny your grievance as I fully concur with the
institutional summary of findings.

Sincerely,

Kristie Ladouceur
Department Grievance Coordinator

cc. Superintendent Ficco
    B. Pillsbury, IGC
    File

EXHIBIT

M

9T0ß

Massachusetts Department of Correction - Bed Management - Inmate Details And Interna...  Page 1 of 1

Massachusetts Department of Correction - Bed Management - Inmate Details And Internal Bed History
View - W_HOU_INM Report on Thursday May 26, 2005 16:08

| Select Inmate Commitment Number | Name | Comm # | Status | Unit, Cell, Bed | Sec. Level | Comm | P |
|---|---|---|---|---|---|---|---|
| A25512 | JAMES | HEYWARD | A25512 | RELEASED | UNASSIGNED | 6 | 19980629 | |

| Institution | Housing Unit | Room/Cell | Bed | Bed Type | Date Entered | Date Departed | Comments | Tin Ente |
|---|---|---|---|---|---|---|---|---|
| SOUZA-BARANOWSKI CORRECTIONAL | G2 | 57 | A | General Population | 20030818 | 20030924 | | 10:3 AM |
| SOUZA-BARANOWSKI CORRECTIONAL | P2 | 11 | A | General Population | 20021121 | 20030818 | | 08:4 AM |
| SOUZA-BARANOWSKI CORRECTIONAL | P2 | 20 | A | General Population | 20020710 | 20021121 | | 06:4 PM |

file://M:\output.htm

EXHIBIT

N

Massachusetts Department of Correction - Admission/Movement History - W_ADM_MOV

Massachusetts Department of Correction - Admission/Movement History - W_ADM_MOV Report on Monday June 6, 2005 14:38

Page 1 of 2

| Select Inmate Commitment Number | | Name | | Comm # | Status | Unit, Cell, Bed | Sec. Level | Comm | PE | Release Date |
|---|---|---|---|---|---|---|---|---|---|---|
| W82441 | | JAMES | HEYWARD | W82441 | ACTIVE | 6-2,306,B | 4 | 20030923 | 20070614 | 2007... |

| Date | Time | Inst No. | Admiss/ Release Desc | Status | Unit, Cell, Bed | Sec. Level | Transported By | Inserted Userid | | Release Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 20050601 | 15:34 | NOR | Return From Court (Habeas) | | | | | WFHEAVEY | | |
| 20050601 | 08:50 | NOR | HABEAS to Court | | | | | WFHEAVEY | | |
| 20050523 | 15:28 | NOR | Return From Outside Hospital | | | | | WFHEAVEY | | |
| 20050523 | 06:12 | NOR | Release to Outside Hospital | | | | | LEHEBERT | | |
| 20050112 | 21:47 | NOR | Return From Outside Hospital | | | | | WFHEAVEY | | |
| 20050112 | 05:53 | NOR | Release to Outside Hospital | | | | | GROGERS | | |
| 20041222 | 13:43 | NOR | Return From Outside Hospital | | | | | WFHEAVEY | | |
| 20041222 | 08:30 | NOR | Release to Outside Hospital | | | | | WFHEAVEY | | |
| 20041103 | 12:24 | NOR | Return From Outside Hospital | | | | | WFHEAVEY | | |
| 20041103 | 06:03 | NOR | Release to Outside Hospital | | | | | LEHEBERT | | |
| 20041022 | 20:16 | NOR | Transfer from MCI | | | | | TGBUSKIRK | | |
| 20041022 | 19:33 | LEM | Transfer to an MCI | | | | | MSEGHERS | | |
| 20041021 | 15:30 | LEM | Return From Outside Hospital | | | | | MSEGHERS | | |
| 20041021 | 15:15 | LEM | Release to Outside Hospital | | | | | MSEGHERS | | |
| 20041020 | 18:20 | LEM | Return From Outside Hospital | | | | | MSEGHERS | | |
| 20041020 | 06:23 | NOR | Release to Outside Hospital | | | | | LEHEBERT | | |
| 20041018 | 17:19 | NOR | Return From Outside Hospital | | | | | LEHEBERT | | |
| 20041018 | 09:46 | NOR | Release to Outside Hospital | | | | | WFHEAVEY | | |

file://M/output.htm

6/6/2005

EXHIBIT
O

Massachusetts Department of Correction - Admission/Movement History - W_ADM_MOV

Page 2 of 2

| 20040702 | 13:01 | NOR | Return From Outside Hospital | | GRLAPIERRE |
| 20040702 | 05:55 | NOR | Release to Outside Hospital | | LEHEBERT |
| 20040621 | 17:31 | NOR | Return From Outside Hospital | | WDPERRY |
| 20040621 | 08:05 | NOR | Release to Outside Hospital | | TDBARTON |
| 20040607 | 18:51 | NOR | Return From Outside Hospital | | PLNIEUWENHUIZEN |
| 20040607 | 09:33 | NOR | Release to Outside Hospital | | WFHEAVEY |
| 20040513 | 20:59 | NOR | Return From Outside Hospital | | WDPERRY |
| 20040513 | 09:16 | NOR | Release to Outside Hospital | | WFHEAVEY |
| 20040411 | 20:13 | NOR | Return From Outside Hospital | | DPOCONNOR |
| 20040411 | 16:53 | NOR | Release to Outside Hospital | | RDFARMER |
| 20040115 | 15:23 | NOR | Transfer from MCI | | WFHEAVEY |
| 20040115 | 12:50 | CON | Transfer to an MCI | | GMHUBERT |
| 20031001 | 16:25 | CON | Return From Court (Habeas) | | FJMCBRIEN |
| 20031001 | 09:30 | CON | HABEAS to Court | | MRGUILMETTE |
| 20030923 | 20:50 | CON | New Court Commitment | SUFFOLK | CESTANICK |