UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
JAMES G. HEYWARD,            )
            Plaintiff        )
                             )
v.                           )     Civil Action No.  05-10325-RCL
                             )
CONTE, et al                 )
            Defendants       )
_____)
```

MEMORANDUM ORDER ON MOTION FOR SUMMARY JUDGMENT

This is a § 1983 claim brought by a pro se inmate against a number of prison officials and employees. The plaintiff, James Heyward ("Heyward"), claims that, while he was a pre-trial detainee, he was transferred as punishment and without a hearing, from his cell at MCI-Concord first to administrative segregation and then to a separate, maximum security facility. Heyward alleges that these actions constituted unconstitutional retaliation, and that they also violated his due process and Eighth Amendment rights. The defendants are former MCI-Concord Superintendent Conte (first name not given), current MCI-Concord Superintendent Peter Pepe, MCI-Concord Corrections Officer Brian Collins and three John Does. Only Pepe and Collins were served with process. These defendants have now moved for summary judgment (Pepe and Collins hereinafter will be referred to as the "defendants.")

Reviewing the record "in the light most flattering to [Heyward] and indulg[ing] all reasonable inferences in [his] favor," the defendants are entitled to judgment as a matter of law. *See Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997). First, because at all relevant times Heyward was a pretrial detainee, his claims of excessive punishment are evaluated under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment prohibition

against cruel and unusual punishment. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). While the Due Process Clause prohibits pretrial detainees from being punished for the crime of which they have been accused, but not found guilty, they may be subjected to limitations or conditions of confinement intended to advance reasonable goals of the institution, including the maintenance of institutional safety and security. *Bell v. Wolfish*, 441 U.S. 520, 538-40 (1979); *Collazo-Leon v. U.S. Bureau of Prisons*, 51 F.3d 315, 318 (1st Cir. 1995). Specifically, pretrial detainees may be transferred from one facility to another and have their conditions of confinement worsen without implicating any constitutional rights "as long as the 'nature and duration' of the new form of incarceration does not exceed the original purpose for which the detainee was committed." *Feeley v. Sampson*, 570 F.2d 364, 377 (1st Cir. 1978) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

There is no evidence in the record before me that the transfers in question were made as premature and inappropriate punishment for the alleged crime for which Heyward was being detained. Indeed, the record makes plain that the transfers were made for administrative and security purposes. For example, Heyward, himself acknowledges that he was moved to a higher level of security because weapons were found in his cell (although he claims that he was unfairly held accountable for weapons that belonged to his cellmate). Under these circumstances, the transfers were reasonably related to the need for safety and security within the institution, and the transfers did not violate Heyward's due process rights.

Finally, Heyward has not made out a claim of unconstitutional retaliation, because he has not even alleged that any of the defendants retaliated against him based on his exercise of a constitutionally protected right. *See Beauchamp v. Murphy*, 37 F.3d 700, 710 (1st Cir. 1994).

2

The defendants' motion for summary judgment is granted. The clerk shall enter judgment for the defendants and terminate this case on the court's docket.

SO ORDERED.

                                                /s/ REGINALD C. LINDSAY
                                                United States District Judge

DATED:    January 23, 2006